**Lynda Kaye VIBROCK, Appellant,**

v.

**Wendell Harvey VIBROCK, Appellee.**

**No. 17818.**

Court of Civil Appeals of Texas, Fort Worth.

April 7, 1977.

Rehearing Denied May 5, 1977.

---

1. *Texas Employment Commission v. Stewart Oil Co.*, 153 Tex. 247, 267 S.W.2d at 138 (1954).

Carter, Jones, Magee, Rudberg, Moss & Mayes, and Charles M. Wilson, III, Dallas, for appellant.

Davis & Walker, and Jeff Walker, Arlington, for appellee.

## OPINION

MASSEY, Chief Justice.

Suit was by plaintiff Lynda Kaye Vibrock against her ex-husband Wendell Harvey Vibrock to seek an interest in renewal commissions earned and accrued on insurance policies sold by him which by her was claimed to have been omitted of consideration in the partition of the parties' property upon divorce. Suit was brought as a new case in a different court from that in which divorce had been obtained.

Defendant Vibrock moved for summary judgment and such was granted by the court. Therefrom plaintiff appealed.

We reverse and remand the cause for trial.

Vibrock had initially contracted with the Fidelity Union Life Insurance Company to sell its policies of insurance in October of 1965. That contract ceased in April of 1970, after approximately 4½ years. He entered the service of another insurance company. Thereafter, about May of 1971, Vibrock entered into a new contract with Fidelity Union to sell its policies, and from that time until the trial the same continued in effect.

Both the time Vibrock initially contracted with Fidelity Union Life Insurance Company and also when he contracted anew in May of 1971 he and the plaintiff were married. They were divorced by the Domestic Relations Court of Tarrant County, Texas, on January 4, 1973.

The divorce decree, made a part of the record on hearing the summary judgment, provided in part as follows:

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the Court that each party hereto take as his or her sole and separate property all such property as is presently in his or her possession.

"The Court finds that the parties own community property and that said property should be divided in an equitable manner.

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the Court that the community property owned by the parties shall be divided as follows:

"Petitioner is awarded the following property: 1969 Buick Automobile. 3003 Fielder, Arlington, Texas, legally described as follows: (here description of a parcel of realty). Furniture and Appliances.

"Respondent is awarded the following property: 1964 Oldsmobile Automobile. 1417 West Lavender, Arlington, Texas, legally described as follows: (here description of a parcel of realty). 2000 Shares Commercial Computer Services, Inc. Stock."

Vibrock's affidavit stated that he was married to plaintiff on both occasions when he entered into contract with the Fidelity Union Life Insurance Company; that she was familiar with the fact that these con-

tracts contained provisions relative to his right to renewal commissions. Plaintiff's affidavit stated: "I was aware that his (Vibrock's) compensation was from commissions on policies written and renewal commissions when they were renewed. No mention was made to me at the time of the divorce that I would have a right to a percentage of these renewal commissions earned on policies written during the time of our marriage. No discussion was had as to this and no advice was given me by counsel."

On provisions of Vibrock's contracts with Fidelity Union Life Insurance Company: After the portion thereof which set forth the Agent's entitlement (Vibrock's) on "first year commissions on premiums"; the same for "second year commissions"; and the same for "subsequent years" was a provision as follows: "Agent agrees that for so long as this contract shall remain in force and effect, he will not enter the service of any other insurance company . . .."

Further contractual provisions: "No renewal commission shall be payable on the business produced during any contract year not fully completed by the Agent while in the service of the Company. . . . Renewal commissions are paid in recognition of continuous full time service and as compensation for services rendered in keeping the business in force." Further, "If for any reason this contract should be terminated within three (3) years, no renewal commissions shall be paid to the Agent thereafter."

To be finally noticed is the further provision, viz.: "24. The terms and conditions of this contract may be altered only by a written instrument signed by two executive officers of the Company at its Home Office; and *all previous contracts are hereby cancelled*; and *any liability to the Agent under the same is hereby acknowledged to have been fully satisfied.*" (Emphasis supplied.)

To be observed from the last of the provisions is that we are concerned merely with Vibrock's period of service for the Fidelity Union Life Insurance Company between the time of his second contract and the time of the divorce decree, or a period substantially less than two years. This is so because all contractual liability of Fidelity Union under the first contract was eliminated when the second contract was signed. (By the second contract Vibrock was re-awarded credits for renewals under the first but for our purposes the fact may be disregarded.)

Also to be observed is that the contractual responsibility of Fidelity Union for the "second year commissions" for policy renewals had not matured at time of the parties' divorce. They may have been paid, or an advancement against the liability therefor made. If this had occurred the provisions of the judgment probably took care of it. However, Vibrock's evidence on his motion for summary judgment did not establish plaintiff's inability to prove that it had not occurred and/or that it was a property right which was taken into consideration in the division of property upon divorce. The transcript of the testimony at the divorce trial was not made part of the record at summary judgment trial.

Had there been at time of the divorce a dispute concerning plaintiff's proportionate interest to any amount of the second year renewal premiums theretofore earned by her husband it would have been matter tried. At the summary judgment hearing there was not proof that it was tried. Unlike the situation on trial on the merits the issue should have been eliminated by Vibrock's proof showing that it was tried. This the statement of facts would have resolved. Since it was not part of Vibrock's proof the summary judgment may not be affirmed on his asserted ground of *res adjudicata*. The judgment must be reversed because of the presence of a material issue of fact to be tried.

The material issue of fact is whether plaintiff's claim of interest in Vibrock's renewal commission entitlement as of date of the divorce trial was or not considered by the court as a part of the property to be divided or to be taken into consideration in the apportionment made of other property. If it was not considered and tried plaintiff's

suit could be maintained and relief pursued. As applied thereto she and Vibrock continued as tenants-in-common in relation to it until their relative rights should be determined. *Busby v. Busby*, 457 S.W.2d 551 (Tex.1970).

It is not merely an interest in such second year renewal premiums that plaintiff seeks; rather it is apparent that she seeks to have impressed upon all the future premium income (or at least the right) in the form of renewal premiums upon all the insurance policies contracted by Vibrock, as Agent, between the time of his second contract with Fidelity Union Life Insurance Company and the divorce on January 4, 1973. In view of the necessity for a trial on the merits we will dissent.

We are of the opinion that by the contract of Vibrock with Fidelity Union Life Insurance Company the liability of the latter was made contingent upon conditions precedent as applied to Vibrock's entitlement to any renewal premiums, both before and after date of the parties' divorce; that by contract not only would Vibrock be obliged to continue this contract itself in force, but also to service the business he had placed on the books. The contract provided that his entitlement was (or would be) ". . . in recognition of continuous full time service *and as compensation for services* (to be) *rendered in keeping business in force*." (Emphasis supplied.)

For the trial court to award plaintiff the interest she sought would be to award her a personal judgment which would not be referable to property in existence upon divorce. There could not have been judgment *in rem* as establishing an interest in *property, for the property right of Vibrock* had not yet come into existence at time of the divorce decree and as of that time was one which might never come into existence; and any judgment rendered in favor of the plaintiff for a percentage interest therein would by force of law have been a judgment *in personam*, at least in indivisible proportion. On this principle of law there are many cases which could be cited. Most are discussed in 20 Tex.Jur.2d, p. 611, "Divorce and Separation", Ch. XIX "Alimony", Sub. C., "After Divorce", § 289, "In general"; in 16 South Texas Law Journal (1974–1975), p. 1, "A Wife's Right to Support Payments in Texas", by Edward W. Turley, Jr.; and in *Francis v. Francis*, 412 S.W.2d 29 (Tex.1967).

The rationale of cases cited by plaintiff do not apply to the issue because Vibrock's anticipatory right was to neither an ascertainable or vested or divisible interest, and because the entitlement of Vibrock is not merely subject to forfeiture, but furthermore because the interest itself, because of express contractual provisions, may never become existent. Plaintiff's cases include *Herring v. Blakeley*, 385 S.W.2d 843 (Tex.1965); *Mora v. Mora*, 429 S.W.2d 660 (Tex.Civ.App., San Antonio 1968, writ dism'd); and *Cearley v. Cearley*, 544 S.W.2d 661 (Tex.1976).

There has not, to this time, been an extension of the principle begun with *Herring*, supra, to the character of renewal commissions to insurance agents which are here involved. For any such extension to be made we believe it should be by the Supreme Court and not by a Court of Civil Appeals.

The judgment is reversed, with the cause remanded for a trial on the merits.