Lucile H. BRAY, Appellant,

v.

Francis G. BRAY, Appellee.

No. 8193.

Court of Civil Appeals of Texas,
Beaumont.

Dec. 28, 1978.

E. J. O'Neill, Sr., Houston, for appellant.
Fred Much, Houston, for appellee.

KEITH, Justice.

The parties were formerly husband and wife, having been married in 1949 and divorced by a decree entered in 1973. The decree of divorce includes a detailed division of the property rights of the parties and is based upon a voluminous record which is incorporated into the record of this appeal.

In May, 1974, the wife (respondent in the divorce proceeding and the appellant herein) filed suit to reopen the divorce case contending that the renewal commissions being paid to the husband because of the sale of life insurance policies during the marriage constituted community property which had not been taken into account in the earlier property settlement. She contended, in effect, that the failure to provide for a division of this portion of the community property in the decree left the parties as tenants in common or joint owners thereof. See *Busby v. Busby*, 457 S.W.2d 551, 554 (Tex.1970), relating to military retirement pay. Cf. *Vibrock v. Vibrock*, 561 S.W.2d 776 (Tex.1977). See also *32 S.W. L.J. 109, 114–115 (1978)*.

The second suit was filed in the 164th District Court of Harris County but, upon motion and under local rules not to be found in our record, the cause was transferred to the Court of Domestic Relations No. 4 of Harris County, the court which had entered the divorce decree. This court is now known as the 311th District Court and it is from the latter court that this appeal has been perfected.

■ In a non-jury trial, the court considered the entire record in the prior divorce proceeding, including several depositions which are not in our record.[1] The pleadings, discovery motions, and post-trial motions in the divorce proceedings have been included in our transcript and are before us for our consideration. The trial court was not requested to file findings of fact or conclusions of law and we have none in our record. Consequently, we invoke the well recognized rule recently restated in *Lassiter v. Bliss*, 559 S.W.2d 353, 358 (Tex. 1977):

"Where findings of fact and conclusions of law are not properly requested and none are filed, the judgment of the trial court must be affirmed if it can be upheld on any legal theory that finds support in the evidence."

The husband interposed a plea of res judicata and contended below that the question had been considered by the divorce court in the entry of the divorce decree. Thus, it is argued, the present attack on the judgment was collateral in nature. The question presented is relatively simple and may be resolved without our determination of whether or not the renewal commissions constitute community property analogous to military pension rights.[2]

■ If the renewal commission fund benefits had been considered by the trial court and included in the divorce decree, the holding in *Busby v. Busby*, supra, is inapposite. See *Constance v. Constance*, 544 S.W.2d 659, 660 (Tex.1976), where the Court looked only to the language found on the face of the judgment; and, harmonizing and giving effect to all the court had written, found that the retirement benefits had been included in the property division.

Several weeks elapsed between the trial of the divorce case and the entry of judgment, during which interval the wife filed a lengthy motion. A cursory reading of the pleading shows that it was her contention then that she was seeking a division of future commissions to be paid upon life insurance policies theretofore sold by the husband. This motion was filed on August 31, 1973, and the husband responded thereto saying, inter alia: ". . . and as hereinafter stated the renewal commissions and contract were known to the Respondent [wife] at all material times before and during the trial." With these contentions then before the divorce court, the trial judge granted the husband's motion and entered judgment disposing of the community property, the decree bearing date of October 18, 1973.

No appeal was perfected from this divorce decree and it was a final judgment at the time the wife filed her suit to reopen the cause on May 17, 1974.

The doctrine of res judicata bars plaintiff's action. *Abbott Laboratories v. Gravis*, 470 S.W.2d 639, 642 (Tex.1971); *Freeman v. McAninch*, 87 Tex. 132, 27 S.W. 97 (1894). See also Z. Steakley and W. Howell, Jr., "Ruminations on Res Judicata", *28 S.W. L.J. 355, 368 (1974)*; *Olivarez v. Broadway Hardware, Inc.*, 564 S.W.2d 195, 198 (Tex. Civ.App.—Corpus Christi 1978, writ ref'd n. r. e.); *Barnett v. Maida*, 523 S.W.2d 325, 327 (Tex.Civ.App.—Beaumont 1975, writ ref'd n. r. e.).

We do not pass upon the question of whether or not the divorce court entered an errorless judgment. Unquestionably, that court had jurisdiction of the parties and of the subject matter of the litigation. And,

---

1. The First Court of Civil Appeals, prior to the transfer of the cause to this court, denied the motion of the wife to supplement the record by filing the original of the depositions in the divorce action. We adhere to that ruling in this opinion, thereby preserving the right of the appellant to complain on further appeal of such denial.

2. Husband cites and relies upon *Vibrock v. Vibrock*, 549 S.W.2d 775 (Tex.Civ.App.—Fort Worth 1977), that such renewal commissions do not constitute community property. The caveat laid down by the Supreme Court in denying review of this decision casts grave doubt upon the underlying holding of the intermediate court. 561 S.W.2d 776 (Tex.1977). As indicated, we do not reach the basic question urged upon us by the parties and do not align this court with or against the Fort Worth court.

in the entry of the divorce decree, the court had knowledge of the contentions now advanced by the wife. If any error was committed, it was a judicial error and one which could have been corrected by a direct appeal from the judgment.

The present claim of the wife was merged into the judgment in the divorce proceeding so as to bar the subsequent proceeding now before us. Steakley and Howell, supra (*28 S.W.L.J. at 356*); *Hanrick v. Gurley,* 93 Tex. 458, 56 S.W. 330 (1900). Having an adequate legal remedy, i. e., a direct appeal, the wife may not now resort to a collateral attack upon the final judgment. See G. Hodges, "Collateral Attacks on Judgments", *41 Texas L.Rev. 163, 183 (1962),* and authorities therein cited. See also *Ex parte Sutherland,* 526 S.W.2d 536, 539 (Tex.1975).

It is crystal clear in our record that the trial court had before it the contentions of the wife that the renewal commissions payable in the future constituted a part of the community estate of the parties and deliberately denied the wife a recovery of any portion thereof. If an error was made at that time, it was a judicial error and the wife's remedy was to perfect a direct appeal from such ruling, not to urge the collateral attack. See *Finlay v. Jones,* 435 S.W.2d 136, 138 (Tex.1968).

It is equally clear, as stated in *Pope v. United States,* 323 U.S. 1, 14, 65 S.Ct. 16, 23, 89 L.Ed. 3, 13 (1944): "Jurisdiction to decide is jurisdiction to make a wrong as well as a right decision." If the trial court erred, the error could have been rectified by a direct appeal; but it cannot be reached in this collateral proceeding.

We have reviewed all of the points of error brought forward by appellant and, finding no error, the judgment of the trial court is AFFIRMED.