## CENTRAL STATES LIFE INS. CO. v. WALKER.

No. 18557. Opinion Filed April 8, 1930.

Rehearing Denied May 13, 1930.

John F. Sharp and Ross & Thurman, for plaintiff in error.

Geo. L. Zink, for defendant in error.

LESTER, V. C. J. The parties on appeal appear in the reverse order to that in the district court, and for convenience will be referred to as they appeared there.

The plaintiff below, by virtue of a written contract with the defendant, was engaged in the business of soliciting life insurance for the defendant company.

Plaintiff obtained judgment against the defendant for and on account of certain renewal commissions, and the defendant has appealed to this court from said judgment.

The main contention is the construction to be placed upon the contract of employment between the plaintiff and defendant executed on the 24th day of July, 1918, and as supplemented by an additional contract and agreement executed July 28, 1920.

The judgment of the court was based upon the renewal commissions accruing to the plaintiff upon life insurance policies secured by the plaintiff and accepted by the defendant prior to the supplemental contract of July 28, 1920.

The parties at the trial entered into a certain stipulation of facts, and said stipulation recited in part:

"It is further agreed that renewal commissions since August 1, 1922, to the date of the commencement of this action, are shown, irrespective of the character of the policy, by schedule herein attached, marked Exhibit 'C,' which shows the person to whom the policy was issued, the number of the policy, the date of the policy, the number of renewals withheld, and the amount of renewals; and it is further agreed that the amount of such renewals withheld, up to July 28, 1920, the date of the subsequent writing or rider, aggregated the sum of $632.50, and that the aggregate of all renewals withheld to the date of suit, aggregate the sum of $1,105.51.

"It is further agreed that the sole consideration or considerations for the execution of the subsequent writing or rider of July 28, 1920, are those set out in such rider, or which are referable thereto. By this stipulation it is conceded or admitted by either party that a consideration was necessary for the subsequent rider or under the provisions of the original agreement, or under the facts stipulated herein, this being a question of law."

It is contended by the plaintiff that paragraph 13 of the contract executed on the 24th day of July, 1918, fixed the compensation he was to receive on renewal commissions irrespective of whether he continued in the service of the defendant; said para-

graph being as follows (p. 18 brief of defendant in error):

"13. This contract may be terminated by either party by 30 days' written notice to the other, but no such termination shall relieve the agent of any duty or liability connected with or growing out of applications secured during the life of this contract, nor shall it deprive him of the compensation provided therefor."

It is contended by the defendant that paragraph 17 of said contract provided for renewal commissions only during the time that the plaintiff was engaged in the service of the defendant company; said paragraph being as follows:

"In addition to the first year commission specified, 'while this contract is in force,' the agent will be paid a renewal commission contingent upon the amount of insurance written and examined during any calendar year from the date of taking effect of this agreement upon which policies are issued and delivered and upon which one full year's premium are duly paid to and received by the company in cash during the year or within 30 days thereafter, and are to be as follows. * * *"

The defendant pleads the supplemental contract of July 24, 1918, which recites in part:

"In addition to the commissions already provided for in this contract to represent the Central States Life Insurance Company, as agent, dated July 24, 1918, the company agrees to allow the agent additional benefits, as follows:

"Should contract be terminated at any time by death, or through illness or accident, resulting in the agent becoming totally disabled, in the judgment of the company, or by his resignation, after this contract has been in full force and effect for three years, and the agent has given continuous service during this time, then in that event the company promises to pay the agent, or to his executors, administrators or assigns, all renewal commissions that would have been due agent, had he continued to represent the company actively, as provided for in the contract, provided, however, agent does not enter the services or write life insurance for any other company, in which event renewal commission will immediately cease."

Defendant in its brief quotes from the case of Locher v. New York Life Ins. Co. (Mo. App.) 208 S. W. 862, wherein it is said:

"So that the decided weight of authority leads to the conclusion that, unless it is expressly stipulated or clearly to be gathered by the contract, the agent's right to commissions on renewals is to continue on renewals falling in after the term of his

employment, he is not entitled to commissions on renewals received or falling in after the expiration of his agency. The right of the agent to commissions on renewals collected or falling in after the end of his agency can rest only on express terms in his contract, or be necessarily drawn from an interpretation of that contract as a whole. This must be so, for the right to commissions on renewals rests, in part, on the consideration of the services by the agent to the company in keeping the policies written by him alive."

In the instant case, under the contract of July 24, 1918, the plaintiff secured certain policies, and as provided by paragraph 13 thereof he was entitled, as additional compensation for securing policies, to renewal commissions, and said renewal commissions were not dependent upon the plaintiff remaining in the services of the defendant company.

We find nothing in the supplemental agreement of July 28, 1920, that destroys or annuls the interest of plaintiff in the renewal commissions which accrued to him by virtue of the life insurance policies secured by the plaintiff prior to the supplemental agreement of 1920.

Judgment is affirmed.

HUNT, CLARK, CULLISON, SWINDALL, and ANDREWS, JJ., concur. MASON, C. J., and RILEY and HEFNER, JJ., absent and not participating.

Note.—See under (1) 14 R. C. L. p. 870; R. C. L. Perm. Supp. p. 3693.