## WAGNER et al. v. LAND.

No. 20351. Opinion Filed Oct. 20, 1931.

Leahy & Brewster, for plaintiffs in error.

Thos. J. Wiley and Harry G. Davis, for defendant in error.

CLARK, V. C. J. This action was commenced in the district court of Muskogee county. The plaintiffs in error were plaintiffs, and the defendant in error was defendant, in the trial court. The parties will be referred to as they appeared in the lower court.

The action is for commissions on renewal insurance premiums based upon a contract and amendment thereto between plaintiff in error Robert L. Wagner, as sub-

agent, and defendant in error, John G. Land, manager for the Prudential Insurance Company of America; the commissions accruing after the termination of the contract.

The amended petition alleged, in substance, that plaintiff and defendant executed and delivered the contract attached and made a part of the petition; that plaintiff thereby was appointed agent of the Prudential Insurance Company for the purpose of procuring applications for insurance and for the purpose of collecting and paying over premiums to defendant. That under the schedule plaintiff was to receive a per cent. of the premiums in the first policy year, and a per cent. of the premiums in the second to the tenth policy years, varying in amount according to the type of policy.

That by the terms of said contract the commissions payable to plaintiff shall be paid to him by the defendant upon the collection thereof and according to the schedule.

That the contract was prepared by the defendant. That it was understood and agreed by and between the parties that plaintiff should be entitled to all renewals arising upon policies secured by plaintiff while in the employment of the defendant during the period as set out in the schedule, provided the plaintiff should remain in the employment of the defendant for two years or longer.

That in order to definitely express by the terms of said contract said agreement defendant caused to be written in said contract section 20, providing that renewals on policies written by plaintiff should be paid according to the schedule contained in the contract, and for the period therein designated, conditioned only upon plaintiff's remaining in the employment of defendant for a period of two years or longer; and defendant stated at the time of the preparation of said contract and subsequently during the tenure of employment, and agreed, that under the terms of said contract there was established in plaintiff the right to renewal premiums on policies written by him during the period as specified in the schedule.

That on October 10, 1921, the contract of February 7, 1919, was modified and amended in respect to commissions to be paid on various types of policies and renewal commissions, as shown by Exhibit "B," made a part of the petition, which provided:

"The number of years for which renewal commissions shall be payable will remain as now provided in your contract"

—thereby expressly providing that the basis for payment of renewals to plaintiff under said contract was according to the schedule as established by the contract and the amendment.

That plaintiff performed the services incumbent upon him and continued to work under the terms of the contract until September 21, 1924, at which time plaintiff had secured the issuance and delivery of a large number of policies, and became entitled to receive payment of the percentage of premiums accumulated and to accumulate on said policies to and including the tenth policy year.

That defendant, his agents and servants, after the plaintiff was no longer employed by defendant, notified plaintiff from time to time of premiums due and delinquent upon various policies which had been secured by plaintiff, and upon which renewal premiums were due, that plaintiff might communicate with said policy holders, and that plaintiff assisted in the collection of said renewal premiums for defendant, relying on the agreement of defendant to pay plaintiff his percentage thereof, and that defendant, after plaintiff was no longer in defendant's employ, furnished plaintiff statement of renewal premiums upon policies secured by plaintiff and paid plaintiff his percentage for the months of October, November, December, 1924, and January, 1925.

That it was understood and agreed that when plaintiff left the employment of defendant he would receive his percentage of renewals paid on all policies written by him, and defendant established a charge of 2 per cent. for handling the renewals collected on said policies and deducted said amount from the sum due plaintiff.

That the action of the parties in said respect establishes a construction of the terms of said contract and an agreement between the parties that plaintiff is entitled to the renewals over the period set out in the contract and amendment.

That defendant has made settlement of the premiums collected to and including the month of January, 1925. That since that time and to the present date there has been paid defendant as renewal premiums on policies written by plaintiff large sums of money, and plaintiff is entitled to receive his per cent.

That the records are in the exclusive possession of defendant, and that defendant was required to account to plaintiff. That defendant has failed, neglected, and refused to account to plaintiff for the amount owing to plaintiff. That there is due plaintiff the approximate sum of $3,000, and plaintiff is entitled to an accounting.

That plaintiff, Commercial National Bank of Muskogee, holds an assignment of an interest therein.

Plaintiff prayed for judgment against defendant for an accounting, requiring defendant to account to plaintiff for all sums collected on policies written by plaintiff, and that plaintiffs have judgment for all sums due and for all other proper, legal and equitable relief.

The contract attached to the amended petition contains the following clauses:

Section 2:

"That during the continuance of this contract the compensation to be allowed the agent shall be a commission on premiums when collected and paid to the manager in cash, on policies written by or through the agent under this contract as follows:"

—and sets out the different class of policies and percentage of commissions.

Section 3:

"That if this contract shall be terminated for any cause, except violation of its conditions, the commissions on the balance of the first year's premiums on policies issued through the agent under this contract, remaining unpaid at the termination of this contract, less a collection fee of two per cent. (2%) of such premiums, shall be payable to the agent, his executors, administrators or assigns when such premiums shall have been collected, subject to the conditions of section seventeen (17)."

Section 12:

"That unless otherwise terminated, this contract may be terminated by either party by a notice in writing delivered personally, or mailed to the other party at the last-known address, at least seven days before the date therein fixed for such termination. In case the agent fails to comply with any of the duties, conditions, or obligations of this contract the manager may terminate same upon immediate notice. That this contract shall in any event terminate upon the termination of the contract between the company and the manager."

Section 15:

"That if this contract be terminated, the compensation paid to the agent, with the amount then due under this contract, shall be in full settlement of all claims and demands in favor of the agent under this contract, and that all compensation which a continuance of this contract might have secured to him shall be forfeited, except as herein provided."

Section 17:

"That if this contract shall be terminated, any indebtedness due the manager from the agent, under this or any previous contract, shall be a first lien upon the amounts due or to become due to the agent, his executors, administrators or assigns by the terms of this contract, until the amount of such indebtedness with interest at the rate of five per cent. (5%) per annum is fully paid and in case any inquiry is made of the manager or of the company for information regarding the agent's record while in the service of the manager, the personal character of the agent, his habits, ability or the cause of his leaving such service, he hereby releases the manager and the company from all liability for damages in connection with any information so furnished."

Section 20:

"That no renewals shall be paid the agent unless he remains with the company for a period of two years from date of contract."

Exhibit "B" to the petition is the amendment to the contract, and reads in part:

"A readjustment of commissions on certain policies under my contract as manager has been made by the company becoming effective July 5, 1921. You are therefore informed that on policies of the following forms which may be issued to you on or after that date under your contract with me dated February 7, 1919, you will be entitled to commissions as specified below, subject to the general terms and conditions of your contract: (Here follows kind of policy and per cent. of premiums in first policy year.) The renewal commissions on one year renewable term group insurance will be two (2) per cent. on the first $50,000 of premium or part thereof and one (1) per cent. on the excess over $50,000. The number of years for which renewal commissions shall be payable will remain as now provided in your contract."

The defendant filed a general demurrer to the amended petition of plaintiffs, which was sustained by the trial court, and plaintiffs refused to plead further, and the court rendered judgment dismissing said cause, to which action the plaintiffs excepted and gave notice of appeal. Motion for new trial was filed and overruled, and the plaintiffs bring the cause here for review.

Plaintiffs in error present their argument under the following proposition:

"The court erred in sustaining the defendant's demurrer to the amended petition, and erred in dismissing the action, for the reason that during the existence of the contract the right of the agent (one of the plaintiffs herein) to his percentage of renewal premiums became fixed immediately upon the writing of a policy by him, and the subsequent mutual abandonment of the contract did not take away the right to renewal commissions already earned."

The sole question for determination is whether the defendant's general demurrer

to plaintiffs' petition, to which petition a copy of the original contract and amendment thereto was attached, was properly sustained.

In the case of Wilson v. King Smith Refining Co., 119 Okla. 256, 250 P. 90, in the second paragraph of syllabus, this court said:

"Allegations in a pleading as to the meaning, application, and effect of a provision in a contract, being conclusions of law, are not admitted by demurrer."

And in the case of Home Insurance Company of New York v. Whitchurch, 139 Okla. 1, 281 P. 234, this court said, in the first and second paragraphs of the syllabus:

"1. The allegations of a petition must be construed in connection with the exhibits attached and referred to in the petition.

"2. Where a written instrument is the foundation of a civil action, the original, or a copy thereof, should be filed as an exhibit to the pleading, and in case of variance between the pleading and the exhibit, the exhibit must control. The instrument is held to be a part of the complaint."

In the case at bar the contract is plain and free from ambiguity.

Section 2 of the contract provides "that during the continuance of this contract the compensation to be allowed the agent shall be a commission on premiums when collected. * * *"

Section 3 provides that after termination of the contract the agent is to have the balance of the first year's premiums of policies issued through him under the contract less a collection fee of 2 per cent., subject to the conditions of section 17, which section gives the manager a first lien thereon for any indebtedness owing to him by the agent at the termination of the contract.

Section 20 provides that the agent is not to receive renewals unless he remains with the company for a period of two years.

And section 15 provides that at the termination of the contract the compensation paid the agent with the amount then due shall be in full settlement of all claims and demands, and that all compensation which a continuance of this contract might have secured to him shall be forfeited.

The contract clearly shows that the agent was not to receive renewals unless he remained with the company for two years, and after being with the company for two years he was to receive the renewals provided in the contract for the periods therein stated during the continuance of his employment under the contract. And when the contract was terminated he was to receive thereafter the commissions on the balance of the first year's premiums on policies issued through him under the contract, less a 2 per cent. collection fee, and subject to any indebtedness owing by the agent to the manager.

We are unable to find from a careful reading of the contract and the amendment thereto where the plaintiff is entitled to renewals after the termination of his contract.

32 C. J., at page 1078, announces the rule with reference to the right of an agent to commissions on renewals as follows:

"The right of an agent to commissions on renewal premiums is determined by the terms of his contract of employment, and he is not entitled to commissions on such premiums contrary to such contract. * * *

"Except to the extent that his contract, either expressly or impliedly, provides therefor, an agent is not entitled to commissions on renewal premiums paid after a proper termination of his agency, especially where his contract expressly so provides; and the forfeiture of his right to such commissions is not affected by stipulating in the contract for specific grounds of forfeiture, none of which have occurred."

This court had before it the question of the right of life insurance agents to commissions on renewals of policies in the case of Central States Life Insurance Co. v. Walker, 143 Okla. 168, 287 P. 997, in which case the contract provided:

"This contract may be terminated by either party by 30 days' written notice to the other, but no such termination shall relieve the agent of any duty or liability connected with or growing out of applications secured during the life of this contract, nor shall it deprive him of the compensation provided therefor"

—which contract differs from the contract in the case at bar, in that the contract under consideration herein plainly provides what the commissions shall be during the continuance of the contract, and that on termination of the contract the agent was to receive commissions on the balance of the first year's premiums, less 2 per cent. collection fee, and subject to any indebtedness owing to the manager by the agent, and that all compensation which a continuance of the contract might have secured to the agent shall be forfeited, except as to the provisions with reference to the balance due the agent on the first year's premiums.

For the reasons stated, therefore, the judgment of the trial court is affirmed.

LESTER, C. J., and RILEY, CULLISON, SWINDALL, ANDREWS, McNEILL, and

KORNEGAY, JJ., concur. HEFNER, J., absent.