Ruby Amanda ETTINGER, Appellant,

v.

John William ETTINGER, Appellee.

No. 53758.

Supreme Court of Oklahoma.

Nov. 10, 1981.

Ungerman, Conner, Little, Ungerman & Goodman by Maynard L. Ungerman and John B. Wimbish, Tulsa, for appellant.

Stephen C. Wolfe, Tulsa, for appellee.

BARNES, Vice Chief Justice:

On January 6, 1972, Appellant (wife) filed suit against Appellee (husband), alleging incompatibility and praying for a divorce from Appellee, as well as a division of jointly acquired property, alimony, court costs and attorney fees. Appellee, through his attorney, filed an answer which amounted to a general denial.

Later in the proceedings, the court granted Appellee's attorney leave to withdraw as attorney of record. On March 23, 1972, a divorce decree was entered. The decree provided that Appellant was present in person and by her attorney, and that Appellee was not present, but that he had duly executed the divorce decree and agreed to the contents thereof. The decree provided that Appellant was entitled to receive a divorce. Further, Appellant was awarded alimony, payable in installments over a period of ten years, terminable at Appellant's death or remarriage. The decree also provided for a division of jointly acquired property, and "that further, as part of said property settlement, plaintiff (Appellant) is to receive one-half of any and all stock options that defendant (Appellee) shall have with OKC Corporation, his present employer, even though said stock options shall or may accrue in the future." Lastly, the decree stated that:

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED BY THE COURT ... plaintiff (Appellant) is to receive one-half interest in all stock options that defendant (Appellee) now has or may have..."

On March 5, 1979, Appellant filed an application for contempt citation, alleging that under the March 23, 1972, divorce decree she was to receive one-half interest in all stock options that Appellee had or might have with OKC Corporation, that the divorce decree was still in full force and effect and had not been vacated or modified in any manner, and that Appellee obtained certain stock options subsequent to the decree of divorce and refused to give Appellant a one-half interest in those options, as ordered by the Court.

Appellee, on March 6, 1979, filed a response to the application for contempt citation and an application to vacate divorce decree in part, requesting that that portion of the divorce decree awarding Appellant a one-half interest in stock options which may accrue in the future be declared null and void. The trial court granted Appellee's application to vacate the divorce decree in part. The court found that the *Hubbard v. Hubbard, 603 P.2d 747 (Okl.1979)*, decision was controlling in this case and therefore it was without jurisdiction to make a division of property out of future earnings or property acquired in the future. It therefore declared such portion of the divorce decree which awarded to Appellant a one-half interest in stock options which Appellee shall or may accrue in the future with OKC Corporation to be null and void. The court further found that even though the divorce decree of March 23, 1972, was agreed to by the parties, the parties could not grant to the court jurisdiction to divide property acquired in the future.

Appellant contends that the divorce decree was a consent judgment or decree

which cannot be modified without consent of the parties, and that Appellee waived the requirements of 12 O.S.Supp.1978, § 1278,[1] that a property division be made out of property which was acquired by the parties during coverture. However, Appellant is not alleging that there is any separate agreement executed by the parties, other than the decree itself. The only agreement alleged is that part of the decree that states that Appellant appeared in person and by her attorney, and that Appellee did not appear, but had "duly executed the divorce decree and agreed to the contents thereof", and Appellee's signature appears thereon.

This Court has held that there can be no modification of a consent decree without consent of the parties. *Stanfield v. Stanfield, 22 Okl. 574, 98 P. 334 (1908); Stuart v. Stuart, 555 P.2d 611 (Okl.1976)*. This Court has also held in *Clement v. Ferguson, 287 P.2d 207 (Okl.1955)*, that whether a judgment is one obtained by consent of the parties must appear from the face of the record.

Appellant cites various cases in support of the contention that the parties agreed to contract away the express provisions of 12 O.S. § 1278. A reading of said cases shows that all are distinguishable from the case at bar. *Mills v. Mills, 512 P.2d 143 (Okl.1973); Stuart v. Stuart, 555 P.2d 611 (Okl.1976); and Perry v. Perry, 551 P.2d 256 (Okl.1976)*, all involved separate and distinct "property settlement agreements", either actually incorporated into a decree of divorce, or incorporated by reference into a decree, and this Court therefore determined there was a clear intention of the parties to contractually obligate each to the other with respect to a particular issue. The case at bar is devoid of any such clear understanding and separate agreement purportedly reached between Appellant and Appellee. In fact, Appellant admits that there was no sepa-

---

1. Title 12 O.S.Supp.1978, § 1278, provides:

"... As to such property, whether real or personal, which has been acquired by the parties jointly during their marriage, whether the title thereto be in either or both of the parties, the court shall make such division between the parties as may appear just and reasonable, by a division of the property in kind, or by setting the same apart to one of the parties, and requiring the other thereof to pay such sum as may be just and proper to effect a fair and just division thereof ...."

rate agreement executed by the parties other than the decree itself. The decree itself does not embody any clear intent of the parties that 12 O.S. § 1278 be circumvented, nor does the judgment roll reflect a consent decree that rests on an antecedent agreement which seeks to avoid the strictures of Section 1278, which prohibits a division of property out of future earnings or property acquired in the future.

■ In our opinion, the trial court incorrectly construed the nature of the decree here involved. We therefore hold that the record evidence dictates a finding that the divorce decree was not a consent decree which cannot be modified absent consent of the parties. Consequently, that portion of the divorce decree which granted Appellant an interest in stock options acquired subsequent to the divorce decree is void as being in contravention of 12 O.S.Supp.1978, § 1278.

Appellant next contends that the trial court erred in determining that the court rendering the final decree was without authority to make a division of property out of Appellee's "future acquired property", and, under the law as it existed when the divorce decree was entered, the trial court erred in declaring null and void that portion of the divorce decree pertaining to stock options acquired in the future by Appellee.

■ Title 12 O.S. § 1278[2] provides that a property division be made out of property which was acquired by the parties jointly during their marriage. Stock options not in existence at the time of the entering of the divorce decree, and over which Appellee had no interest whatsoever, is simply not property acquired by Appellant and Appellee during coverture and therefore is not subject to being divided by the court. Appellant asserts that this has only been the law since the case of *Hubbard v. Hubbard, supra,* in 1979, and was not the law at the time of the divorce decree in 1972. Contrary to Appellant's assertions, we have held that the whole and entire authority of the court for decreeing a division of property is found in Section 1278, and such section as it pertains to the division of property jointly acquired during coverture has been in existence since 1910.[3] The case of *Hubbard v. Hubbard, supra,* simply clarified even further what "property" is to be considered "property" jointly acquired during coverture subject to an award of alimony as division of property, as opposed to "property" acquired in the future and not subject to such an award of alimony as a division of property. *Hubbard v. Hubbard, supra,* held that a medical license obtained and in existence at the time of the decree of divorce was not "property" capable of division in marriage dissolution proceedings and that alimony based on future income could not be subject to alimony as a division of property.

We therefore hold that under 12 O.S. § 1278 the court had no authority or power, i. e., jurisdiction, to enter a judgment awarding Appellant future stock options admittedly not in existence at the time of the rendering of the divorce decree and thus not jointly acquired property. Accordingly, such language attempting to do so is null and void.[4] Our statute provides that a void judgment may be set aside at any time.[5]

For the above stated reasons, the action of the trial court in granting Appellee's motion to vacate that part of the divorce decree awarding Appellant a one-half interest in stock options which may accrue in the future is hereby affirmed.

AFFIRMED.

HODGES, LAVENDER, HARGRAVE and DOOLIN, JJ., and CORNISH, Special Justice, concur.

IRWIN, C. J., and SIMMS and OPALA, JJ., dissent.

---

**2.** See footnote 1, supra.

**3.** See *Trosper v. Trosper, 308 P.2d 320 (Okl. 1957).*

**4.** *LaBellman v. Gleason & Sanders, Inc., 418 P.2d 949 (Okl.1966).*

**5.** Title 12 O.S. § 1038.

**66**

Upon Justice WILLIAMS' disqualification, the Honorable TOM R. CORNISH was assigned to act as a Special Justice in this case.

SIMMS, Justice, dissenting:

This was a consent decree and its provisions became final when no appeal was prosecuted. Even if the majority were correct in holding that this was not a consent decree, its provisions still became final when no appeal was prosecuted. Having failed to appeal the stock option provisions, husband was limited to timely pursuit of statutory proceedings for vacation or modification of a judgment. 12 O.S.1971, §§ 1031 et seq. See, e. g., *Fisher v. Fisher, Okl., 558 P.2d 391 (1976); Dickason v. Dickason, Okl., 607 P.2d 674 (1980)*.

If there was a flaw in the option provision, it was—and is—mere error. It does not rise to the level of a "jurisdictional defect." The error, if any, was agreed to and in any case, was unappealed from.

The decree is a final judgment of a court having jurisdiction to render it. It is unaffected by *Hubbard v. Hubbard, supra,* or any other event, and this Court errs in holding otherwise. I dissent.

I am authorized to state that IRWIN, C. J., and OPALA, J., join me in this dissent.