731 P.2d 122

**Julie H. PANGBURN,
Petitioner/Appellee,**

v.

**Craig A. PANGBURN,
Respondent/Appellant.**

**No. 2 CA–CIV 5410.**

Court of Appeals of Arizona,
Division 2, Department A.

Dec. 4, 1986.

Cole & O'Neil by Dan A. Wilson, Casa Grande, for petitioner/appellee.

Sternberg, Sternberg & Rubin by Carolyn S. Russell and Howard A. Singer, Phoenix, for respondent/appellant.

## OPINION

HATHAWAY, Chief Judge.

Appellant contests the distribution of property ordered in the decree of dissolution. The parties were married on July 15, 1973. Since 1966, seven years prior to his marriage to appellee on July 15, 1973, appellant had worked and still works for Allstate Insurance Company in Casa Grande as an insurance agent. Appellant's relationship with Allstate is that of an employee. He does not own the business nor may he convey the business. He does not even have enforceable territorial rights. Appellant, however, does have a right to commissions on renewals of policies he procures. The renewal value of existing policies is termed in the insurance industry as the "Book of Business."

At trial, appellee sought to have included in the community estate appellant's Book of Business. Appellee called an expert witness, Dr. Ronald J. Kudla, to testify as to the current value of appellant's Book of Business. As part of his testimony, Dr. Kudla assumed appellant was going to stay in business and excluded from his calculations insurance contracts that would appear in the Book of Business after dissolution. He valued the renewal income on existing contracts earned during marriage, assuming that the Book of Business was not marketable. He also assumed an attrition rate of 13% per year and he took into account appellant's business expenses. At the 13% attrition rate, he assumed that all renewal business on present contracts in the Book of Business would cease in 7.61 years. He also reduced the Book of Business by any contracts then existing that had been sold by appellant prior to marriage.

On the basis of Dr. Kudla's testimony, the trial court found the community equity in the Allstate Book of Business to be $80,000. It then distributed the marital

property as follows: To appellee it awarded the community house, valued at $63,000 and encumbered by a $34,700 lien; a 1983 Lincoln Continental, valued at $12,700 with an $8,200 lien; a catamaran, value negligible; appellee's pension of $5,800; a $10,000 term life insurance policy with no cash value; appellee's bank accounts worth $200; household appliances and furnishings valued at $3,000; jewelry (appellee's separate property) valued at $10,000; $11,000 for appellee's attorney's fees; and $30,000 for equalization of community funds expended by appellant not in furtherance of the community and for community property dissipated by appellant in violation of the court's preliminary injunction.

The court awarded property to appellant as follows: Community equity in the All-state Book of Business valued at $80,000; pension of $8,872 ($7/19$ separate property, $12/19$ community property); stocks; profit sharing $22,048 ($7/19$ separate and $12/19$ community); 1982 Chevrolet Citation valued at $4,300 with a $4,100 lien; SeaSnark, value negligible; life insurance 0; bank accounts negligible; liability for federal and state income taxes ($18,000 for federal and $2,000 for state)

Appellant presents three arguments on appeal: (1) the trial court erred when it assigned an $80,000 value to appellant's Book of Business in reliance on a "going concern" valuation method; (2) if the court correctly established the value of appellant's Book of Business, it incorrectly held that the Book of Business is a community property right subject to division in a dissolution proceeding since the community was adequately compensated during the marriage by appellant's salary, making the profit of appellant's separate business a separate property; (3) the trial court incorrectly characterized the appellant's Book of Business as community property with a division so inadequate as to warrant reversal.

## I. RENEWAL VALUE OF CONTRACTS

Appellant's first two arguments address the same issue. He contends that the Book of Business, i.e., the renewal value of current contracts, is not a current asset of the community but rather a mere expectancy. This is an issue of first impression in Arizona. Surprisingly, it is an issue that is sparsely reported in other jurisdictions.

In *Vibrock v. Vibrock*, 549 S.W.2d 775 (Tex.App.1977), the Texas Court of Appeals refused to include the Book of Business in the community and held, under circumstances similar to the current situation, that the renewal value of the contracts was simply an anticipatory right and was not an ascertainable or vested or divisible interest because the express contractual provisions for commissions on future renewals might never come into existence. Affirming that decision, however, the Texas Supreme Court in *Vibrock v. Vibrock*, 561 S.W.2d 776 (1977), stated it was undecided on whether the renewal value of contracts could be included in the community:

> The disposition of this case by this court indicates neither approval nor disapproval of the language contained in the opinion of the court of appeals [citation omitted] which suggests that these renewal commisions are not community property.

561 S.W.2d at 777.

Another division of the Texas Court of Appeals has criticized that part of the decision in *Vibrock* which denied inclusion of the Book of Business in the community property. See *Bray v. Bray*, 576 S.W.2d 664 (Tex.App.1978).

*In Re Marriage of Skaden*, 19 Cal.3d 679, 139 Cal.Rptr. 615, 566 P.2d 249 (1977), the California Supreme Court declined to decide the issue because it was not properly raised on appeal. However, in *Skaden*, the California Supreme Court did decide that a State Farm agent's agreement which contained a termination benefit clause, was subject to valuation and inclusion in the community. But see *Lawyer v. Lawyer*, 288 Ark. 128, 702 S.W.2d 790 (1986).

■ The implication of the *Skaden* case is that California would include the Book of Business value in the community. We hold that analogous Arizona case law requires the inclusion of the Book of Business value in the community estate.

In *Van Loan v. Van Loan,* 116 Ariz. 272, 569 P.2d 214 (1977), our supreme court held that non-vested pensions are community property that can be valued at dissolution and included in the community estate. In *Van Loan,* an argument similar to the one at bench was raised: That non-vested pensions were a mere expectancy and therefore could not be valued as community property. The *Van Loan* court stated:

Considering whether that contractual right is a form of property, we reject the proposition that an employee has no more than a mere "expectancy" prior to the maturation of his pension rights. As stated by the California Supreme Court in *In re Marriage of Brown* [15 Cal.3d 838, 126 Cal.Rptr. 633, 544 P.2d 561 (1976)], supra:

"The term expectancy describes the interest of a person who merely foresees that he might receive a future beneficance, such as the interest of an heir apparent [citations omitted], or of a beneficiary designated by a living insured who has a right to change the beneficiary. [citations omitted] As these examples demonstrate, the defining characteristics of an expectancy is that its holder has *no enforceable right* to his beneficence." [citations omitted] [Emphasis added]

116 Ariz. at 274, 569 P.2d at 216.

Similarly, in our case, appellant has a contractual right to commissions for the renewal of the contracts as long as he is still employed by Allstate and the insureds opt to renew their contracts. We cannot distinguish this situation from the situation in *Van Loan.* Moreover, in *Garrett v. Garrett,* 140 Ariz. 564, 683 P.2d 1166 (App. 1983), Division One of this court held that an attorney's contingency contract is a valuable property right though the contingency upon which it is based has not been fulfilled and may not be fulfilled in the future. That court held the contingency contract could be valued or included in the community. The *Garrett* court relied on *Van Loan.*

■ The future benefit, i.e., the contractual right to commissions for future renewals, was earned during coverture. The calculations of the expert witness took into account the fact that some of the contracts may not be renewed, that some contracts were acquired before coverture and that after a period of time, in this case 7.61 years, the contracts will have dissipated. It was therefore within the trial court's discretion to include the Book of Business in the community estate.

## II. EQUITABLE DISTRIBUTION

Appellant's final argument is that even if the Book of Business value was properly included in the community property, the trial court did not equitably distribute the community property but rather awarded the wife a grossly unequal share.

■ Where an absence of sound reasons in the record would justify contrary results, apportionment of community assets upon dissolution must be substantially equal. *Buttram v. Buttram,* 122 Ariz. 581, 596 P.2d 719 (App.1979). Appellant argues that the distribution in this case was very lopsided and not even close to substantially equal. We disagree.

■ Appellant uses interesting and gerrymandered mathematical computations to justify his analysis. While on his side of the ledger he deducts all debts for which he will be responsible, i.e., taxes and attorneys' fees, liens, when calculating the property given to the wife, appellant gives no credit to the $34,000 lien on the house nor the $8,200 lien on the car. When those two amounts are taken into account and considering the trial court found a misuse of community funds and failure to compensate appellee for community funds earned after separation, the trial court's distribution is nearly equal and fulfills the requirements of *Buttram.* We find that the trial court did not err in distributing the property. Appellee is awarded her attorney's fees on appeal upon compliance with Rule

21(c), Rules of Civil Appellate Procedure, 17A A.R.S.

HOWARD, P.J., and FERNANDEZ, J., concur.