Betty Louise BIGBIE, Appellee,

v.

Charles Roy BIGBIE, III, Appellant.

No. 80589.

Supreme Court of Oklahoma.

July 5, 1995.

Carl A. Barnes, Tulsa, for appellee.

Lawrence A.G. Johnson, Tulsa, for appellant.

SIMMS, Justice:

Charles Roy Bigbie, III (Husband), appeals the judgment of the district court granting a divorce to both Husband and Betty Louise Bigbie (Wife), and distributing marital assets. Husband claims the trial court erred in considering "future acquired property" in the form of future commissions on renewals of insurance policies in its determination of the marital assets and erred in placing restrictions upon Husband's custodianship of a portion of their children's property, namely insurance policies.

The Court of Appeals held the trial court did not err in treating the future commissions as marital property but concluded the trial court erroneously placed restrictions upon Husband's management of the children's insurance policy. Certiorari was granted to consider the questions of the inclusion of future commissions for renewal premiums on insurance policies as jointly acquired property in the property division of a divorce proceeding; and the restrictions on the children's life insurance policies. Because the right to future commissions is a property right under a contract with an insurance company, those commissions may be properly included in the marital assets. The opinion of the Court of Appeals is vacated and the judgment of the district court is Affirmed.

### Facts

Husband is an insurance agent employed by or contracted with a particular insurance company. It appears from the record that Husband is entitled to receive commissions on the renewal premiums on life insurance policies he sold for the insurance company. Upon granting a divorce to the parties, the trial court proceeded to divide and distribute the marital assets between them, including the future commissions in the marital assets. The trial court valued the future commissions at $26,964.00, and considered this sum as part of Husband's distributive share.

Moreover, the trial court awarded to Husband certain life insurance policies insuring the children of Wife and Husband. Although the trial court did not attribute the value of those policies towards Husband's share of the marital estate, the trial court did restrict the use and benefit of the policies to the children and ordered that no withdrawals or loans against the policies be made without first obtaining approval from the trial court.

### I.

### Future Commissions on Renewal Premiums of Life Insurance Policies

Husband first asserts error in the inclusion of his future commissions in the valuation of the marital estate. He points to *Ettinger v. Ettinger*, 637 P.2d 63 (Okla.1981), in which this Court held that stock options not in existence at the time of a divorce decree but possibly available to husband in the future were not jointly acquired property of the marital estate. Thus, the trial court in *Ettinger* erroneously included those future stock options when distributing the jointly acquired property under 12 O.S.1981, § 1278.[1]

Husband contends the future commissions are future acquired property under *Ettinger* and may not be included in the marital as-

---

1. Title 12 O.S.1981, § 1278, now codified at 43 O.S.1991, § 121, provides in part:

   "... As to such property, whether real or personal, which has been acquired by the parties jointly during their marriage, whether the title thereto be in either or both of said parties, the court shall make such division between the parties as may appear just and reasonable, by a division of the property in kind, or by setting the same apart to one of the parties, and requiring the other thereof to be paid such sum as may be just and proper to effect a fair and just division thereof. The court may set apart a portion of the separate estate of a spouse to the other spouse for the support of the children of the marriage where custody resides with that spouse."

sets. Husband also cites *Charles v. Charles,* 713 P.2d 1048 (Okla.App.1985), for support. In *Charles,* the Court of Appeals held a retirement account was not jointly acquired property where it had not vested in the husband at the time of the divorce. The husband would have had to work for the company which had contributed all of the funds toward the account for two more years before the husband acquired an interest in it.

Wife counters by distinguishing *Ettinger* and *Charles* and arguing the renewal commissions are more analogous to account receivables in a business where future cash flow results from prior account sales requiring no additional labor to generate. Because Husband does not have to invest additional labor to receive the renewal commissions, Wife argues such income should be treated like account receivables which are marital property. However, the reasoning of the Maryland Court of Appeals in a similar case to the one at bar gives credence to Wife's argument.

In *Niroo v. Niroo,* 313 Md. 226, 545 A.2d 35 (1988), the court determined that anticipated renewal commissions on insurance policies sold by the husband during the marriage were included as marital property because the husband was entitled to receive the income under a contractual agreement with the insurance company which also provided for the husband's heirs to receive the renewal commissions in the event of his death and allowed the husband to assign the commissions under certain circumstances. The court held:

"When analyzed under the principles set forth in our cases, we think it clear that contractually vested rights in renewal commissions are a type of property interest encompassed within the definition of marital property under § 8–201(e). That an insurance agent has a vested right in commissions on renewal premiums when provided for by contract is well settled.... This contractual right was clearly established in the husband's agency contract

whereby Penn Life agreed to pay him a stipulated percentage of renewal premiums collected in the future. Indeed, this right to renewal premiums cannot be terminated unilaterally by the company, but instead would require an affirmative surrender by the agent to forfeit the future commissions due." 545 A.2d at 39 (Citations omitted).

The court in *Niroo* found no merit in the husband's contention that it is after-acquired income because he must continue to "service" the accounts after the dissolution of the marriage in order to receive the renewal commissions. Rather, the Maryland court found, as Wife argues in the case at bar, that the "husband's primary effort was expended in acquiring the original policies." 545 A.2d at 40.

Moreover, in rejecting the husband's argument that several factors including economic conditions, customer preferences and agency turnover render the renewal commissions too speculative to value, the court in *Niroo* looked to an Oklahoma case, *Hall v. Farmers Ins. Exch.,* 713 P.2d 1027 (Okla.1985), to show that the value of such renewal commissions are predictable and quantifiable. In *Hall,* we held an insurance company was liable to one of its agents for bad faith breach of the agency agreement and determined that damages based upon the value of future renewal commissions were proper.

It is well settled that the right of an insurance agent to commissions on renewal premiums is determined by the terms of his or her contract of employment with the insurance company. *Wagner v. Land,* 152 Okla. 225, 4 P.2d 81 (1931); *Central States Life Ins. Co. v. Walker,* 143 Okla. 168, 287 P. 997 (1930). *See generally* 44 C.J.S. *Insurance* § 205(c) (1993); 4 *Couch on Insurance 2d* § 26A:232 (rev. ed. 1984); 16B Appleman, *Insurance Law and Practice* § 9001 (1981). We join the court in *Niroo* in holding the issue of whether future commissions on renewal of insurance policies are marital assets is determined by the agent's rights to those

commissions under his or her contract with the insurance company.[2]

■ Thus, the trial court's determination of Husband's rights to future renewal commissions and the value thereof would normally be grounded upon the terms of the contract between Husband and his employer. However, the contract was not made a part of the record. Rather, the trial court based its decision on Plaintiff's Exhibit No. 5 which was a photocopy of a "Personal Statement of Benefits" to Husband from the insurance company that employs him. On page 11 thereof, under the heading "Valuation of Future Commissions", the document purportedly sets forth both the vested and non-vested values to Husband of future commissions on renewals at the beginning of 1991. It is from the figures in this exhibit that the trial court derived a value of $26,964.00 for renewal commissions.

Husband does not refute that he has an "interest" in the future commissions, and the exhibit supports the trial court determination that he is so entitled. In addition, Husband, in his brief, does not challenge the trial court's valuation of those future commissions at $26,964.00. We find sufficient evidence to support the decision of the trial court.

## II.

### Life Insurance Policies of the Children

■ In his final proposition, Husband contends the trial court erred in placing restrictions upon his custodianship of the life insurance policies covering the children. He asserts the insurance policies are not marital estate property and are not subject to division. He further argues the trial court lacked jurisdiction to require the custodian of the policies to receive prior approval from the court to invest or change the *corpus* of the policies. However, Husband cites to no authority to support his contention.

This Court will not consider assignments of error that are unsupported by convincing argument or authority unless it is apparent, without further research, that those assignments are well taken. *James v. State Farm Mut. Auto. Ins. Co.*, 810 P.2d 365 (Okla. 1991). We refuse to consider this assignment of error.

For the above and foregoing reasons, the opinion of the Court of Appeals is VACATED, and the judgment of the district court is AFFIRMED.

ALMA WILSON, C.J., KAUGER, V.C.J., and LAVENDER, SIMMS and WATT, JJ., concur.

HARGRAVE, J., concurs in result.

HODGES, OPALA, and SUMMERS, JJ., concur in part, dissent in part.

SUMMERS, Justice, concurring in part and dissenting in part.

The Court of Appeals did two things in this case: (1) it affirmed the District Court in ruling for the wife on the husband's future insurance commissions, and (2) it reversed the lower court in ruling for the husband on wife's effort to burden the childrens' life insurance policies. Only the husband sought certiorari, and, of course, he only complained of the appellate court's treatment of the future commissions. The wife sought nothing by way of certiorari.

Today our Court gives the husband relief on the future commissions, and properly so. I concur. But we go beyond the relief sought on certiorari when we reject the Court of Appeals' ruling and affirm the trial courts' decision in favor of the wife on the childrens' policies. The wife gets a judicial windfall.

The Court of Appeals' decision on the childrens' policies was patently correct, in spite of wife's decision to forego citation of sup-

**2.** For other jurisdictions holding future commissions on policy renewals constitute property rights properly included in the marital estate, *see* *Pangburn v. Pangburn*, 152 Ariz. 227, 731 P.2d

122 (Ariz.Ct.App.1986); *In re Marriage of Skaden*, 19 Cal.3d 679, 566 P.2d 249, 139 Cal.Rptr. 615 (1977).

porting authority.[1]  The childrens' policies were clearly not within the marital estate.

I would vacate that part of the Court of Appeals' opinion on future commissions and replace it with our own, as does the majority, but I would leave intact as law of the case the part that correctly resolves the issue of the childrens' insurance policies.  See *Mosier v. Oklahoma Property and Casualty Insurance Guaranty Association,* 890 P.2d 878, 881 (Okla.1994), where we vacated in part the opinion of the Court of Appeals and observed that the non-vacated portions remained as the settled law of the case.

I am authorized to state that Justice Hodges joins in these views.

---

1.  She who asserts a point of law on appeal without citation of authority does so at great risk that her assertion will not be heard.  *McDonald v. Humphries,* 810 P.2d 1262, 1264 n. 4 (Okla.1990).