**In re the Marriage of Joann SMITH, Petitioner-Appellant,**

v.

**Wayman SMITH, III, Respondent-Cross-Appellant.**

No. 47500.

Missouri Court of Appeals, Eastern District, Division Seven.

Oct. 9, 1984.

Motion for Rehearing and Transfer Denied Nov. 20, 1984.

Application to Transfer Denied Jan. 15, 1985.

Steve Vossmeyer, Susan Spiegel, Newburger & Vossmeyer, St. Louis, for petitioner-appellant.

David B. Lacks, Alisse C. Camazine, Clayton, for respondent-cross-appellant.

CRIST, Presiding Judge.

Husband and wife both appeal from the decree dissolving their 18-year marriage. The marital property was divided approximately one-half to each party. General custody of the parties' 16 year old daughter was granted to husband with wife to have temporary custody about one-half of the time. Wife was awarded $300.00 per month child support because of the time daughter would spend with her, and $2,000.00 per month as maintenance. Wife was not represented by her present counsel in the trial of this matter. We modify and affirm as modified.

Both parties attack facets of the division of property, the custody arrangement, and the maintenance award, husband claiming excessiveness and wife claiming inadequacy. Husband also attacks the award of child support. With reference to the claimed errors in the child custody and support arrangements, and the award of maintenance, the judgment is supported by substantial evidence and is not against the weight of the evidence. No error of law appears. An opinion with reference thereto would have no precedential value. We affirm in accordance with Rule 84.16(b).

Husband states the trial court erred in dividing the marital property in (1) not allocating marital debts; (2) awarding wife one-half of several stock options received as employment benefits because some of the stock options were not vested, and therefore not marital property; (3) not severing the stock options; and (4) giving wife more than her fair share of the marital property.

Wife states the trial court erred in dividing the marital property in (1) not severing

the stock options; (2) dividing marital property when there was no evidence of the value of such property; (3) failing to divide all marital property on which there was evidence; and (4) giving husband more than his fair share of the marital property.

█ We find each party received a fair and considered portion of the marital property. There was no error in failing to divide the debts. *Flach v. Flach*, 645 S.W.2d 718, 720–21 (Mo.App.1982).

█ Wife asserts the trial court failed to have sufficient evidence to value a KEOGH Plan and an Anheuser-Busch Investment Credit Stock Ownership Plan which were awarded to husband. The trial courts are bombarded with dissolution cases which, by statute, requires division of the property. Section 452.330 RSMo.1978. The trial judge is often at the mercy of the lawyers. The trial judge cannot introduce evidence, yet he or she has a duty to make a fair division of the property. He or she must rely on the discovery and introduction of evidence by the parties' lawyers regarding the existence and value of property. Aside from default cases, the parties have at least an equal burden to carry on the matter of evidence of value in a dissolution. A complainant should not be rewarded for presenting insufficient evidence of property values.

█ Wife made no specific reference to the lack of evidence of value of either the KEOGH Plan or the Investment Credit Stock Plan in her motion for new trial. She has not shown why she did not present more evidence as to their value, nor does she show that husband failed to present evidence on the question. Husband listed the KEOGH Plan on his statement of property, and at trial fixed its value at $46,000 to $50,000. Wife did not seriously challenge these figures, nor did she introduce other evidence on the point. If wife wanted more specific or different value figures, she should have presented evidence to establish them. *See Dardick v. Dardick*, 670 S.W.2d 865 (Mo. banc 1984).

█ With reference to the investment credit stock ownership plan, wife introduced evidence of the number of shares of stock held in the plan in husband's name, the price of the stock, and other details of the plan. Wife cannot complain the trial court erred because her evidence was insufficient to value and award the plan. *McLaughlin v. McLaughlin*, 585 S.W.2d 567, 568, 570[5] (Mo.App.1979).

█ Wife claims the trial court erred by failing to dispose of a parcel of real property. She listed in her statement of property real estate on Aldine Avenue, purchase price and value unknown. There was no evidence presented of any interest of the parties in this property. Wife, both at trial and in her brief, disclaims any knowledge of any interest the parties may have had in this real estate. Since there was no evidence as to any interest the parties may have in this property the court committed no error in not distributing it. If the parties become aware of any interest in this property, then they may bring an action to dispose of the same. *Ploch v. Ploch*, 635 S.W.2d 70, 72 (Mo.App.1982).

█ Both parties agreed there were some stocks in evidence not disposed of. The trial court awarded stock valued at $2,600 to wife. Husband testified he owned assorted stock worth between $4,000 and $6,000. The record shows the remainder of this stock should have been distributed to husband. We amend the decree to so award this stock to husband.

Finally, both parties assert the trial court erred in failing to sever the interests of the parties in husband's stock option plans. Husband was involved in two stock option plans: The Anheuser-Busch Companies, Inc. 1981 Incentive Option Plan, and the Anheuser-Busch Companies, Inc. 1981 Non-Qualified Stock Option Plan. The plans consisted of the following options:

Currently Exercisable Options

| Option Date | Number of Share | Option Price | Option Cost | Market Value (76.62/ share) | Equity Gain |
|---|---|---|---|---|---|
| 03/18/83 | 1,200 | $40.8125 | $48,975 | $91,944 | $42,969.00 |
| 03/18/83 | 2,000 | $40.8125 | $81,625 | 153,240 | 72,615.00 |
| | TOTAL | | | | $114,584.00 |

Future Options Available

| Option Date | Number of Shares | Option Price | Option Cost | Market Value (76.62/ share) | Equity Gain |
|---|---|---|---|---|---|
| 12/22/83 | 1,200 | $40.8125 | $48,975.00 | $91,994 | $42,969.00 |
| 12/22/83 | 2,000 | 40.8125 | 81,625.00 | 153,240 | 71,615.00 |
| 12/22/83 | 2,000 | 40.8125 | 81,625.00 | 153,240 | 71,615.00 |
| 12/23/84 | 750 | 64.75 | 48,562.50 | 57,465 | 8,902.50 |
| 12/23/85 | 750 | 64.75 | 48,562.50 | 57,465 | 8,902.50 |
| TOTAL | | | | | $204,004.00 |

Only two options were exercisable at the time of trial; the rest matured at varying dates in the future. Husband, to exercise the option, had to be employed by Anheuser-Busch on the option date. The options were not transferable.

The court held these options to be marital property, and distributed one-half to each party. Husband under the decree had the right to decide to exercise any of the options. If he exercised one, he was to give wife thirty (30) days notice. Wife had those thirty days to provide husband with the cash to buy a one-half interest in that option on her behalf. If she did not provide him the cash, she forfeited her right to one-half of that option. Each was to pay a share of the income taxes on the options.

The trial court retained jurisdiction to determine questions that may arise concerning the implementation of the disposal of the stock options.

█ Husband challenges the classification of the options which were not exercisable at the time of trial as marital property. He claims that, as the exercise of those options is contingent upon his continued employment with Anheuser-Busch, they are not vested and are his separate property under *Kuchta v. Kuchta*, 636 S.W.2d 663, 665 (Mo. banc 1982). While this would be in stage one of *Kuchta* if it were a pension plan, this is a stock option plan. It has already been earned, while a pension is earned over the whole period of the worker's employment. *Kuchta*, 636 S.W.2d at 665. The value is fixed, and is not subject to change except by market forces. It was "created by the joint effort of the spouses" and may be treated a marital property under the flexible approach mandated in *Kuchta*. *Id*. The only contingency involved here, that husband will leave his employment with Anheuser-Busch prior to the date he may exercise the options, has been adequately provided for by the court's decree, which provides for no distribution until such time as husband acquires the stock.

█ Both husband and wife assert the interests of the parties in these options should have been severed, and, in general, it is better for that course of action to be followed. *Lynch v. Lynch*, 665 S.W.2d 20, 23 (Mo.App.1983). However, if there are sound economic reasons why severance in not feasible or advisable, the parties may be left as tenants in common. *Murray v. Murray*, 614 S.W.2d 554, 555–56 (Mo.App. 1981). In the case at bar, the property rights are contingent upon future conditions and events. The trial court has formulated a plausible solution to the division of the stock options.

The decree is modified to provide husband to have the stock in a bankrupt company and assorted stocks valued at between $1,400 to $3,400.

Judgment affirmed as modified.

BRUCE NORMILLE and E. RICHARD WEBBER, Special Judges, concur.