Walter Charles BODIN, Appellant,

v.

Dollie F. BODIN, Appellee.

No. 04–96–00146–CV.

Court of Appeals of Texas, San Antonio.

Oct. 1, 1997.

Kirk Patterson, Law Offices of Kirk Patterson, San Antonio, for Appellant.

Sam C. Bashara, Law Offices of Sam C. Bashara, P.C., San Antonio, for Appellee.

---

Before RICKHOFF, GREEN and JOHN G. HILL,[1] JJ.

## OPINION

JOHN G. HILL, Justice (Assigned).

Walter Charles Bodin appeals the property division contained in the decree divorcing him from Dollie F. Bodin, the appellee. Walter contends in three points of error that the trial court erred by awarding Dollie an interest in certain unvested stock options because they are totally a part of his separate estate. He urges in a fourth point of error that the trial court erred in its division of property, once any error in dividing stock options is corrected and the award of attorney's fees is considered.

We affirm because the unvested stock options constitute a contingent interest in property and are a community asset subject to consideration along with other property in the disposition of the parties' estate; therefore, the trial court did not err in the division of the parties' community estate based upon that assumption.

Prior to the divorce, Walter had received from his employer certain unvested stock options. In points of error numbers one, two, and three, Walter contends that because these stock options were unvested, could not be exercised at the time of divorce, and were contingent on continued employment on his part, they constituted his separate property and, consequently, the trial court could not award any interest in them to Dollie.

The Texas Supreme Court, ruling in a case involving unvested military retirement benefits, held that the serviceman's rights in his unvested military retirement, prior to accrual and maturity, constituted a contingent interest in property and a community asset subject to consideration along with other property in the division of the estate of the parties. *Cearley v. Cearley,* 544 S.W.2d 661, 666 (Tex. 1976). Unvested stock options also constitute a contingent interest in property and a community asset. Consequently, we hold that the trial court did not err in determining that the unvested stock options were subject to consideration along with other property in the division of the estate of the parties. This conclusion is shared by the majority of courts that have considered this question. *See In re Marriage of Hug,* 154 Cal.App.3d 780, 201 Cal.Rptr. 676, 678–81 ([1st Dist.] 1984); *In re Marriage of Miller,* 915 P.2d 1314, 1318–1320 (Colo.1996); *In re Marriage of Isaacs,* 260 Ill.App.3d 423, 198 Ill.Dec. 169, 175, 632 N.E.2d 228, 234 ([1st Dist.] 1994), *cert. den'd; Goodwyne v. Goodwyne,* 639 So.2d 1210, 1212–1213 (La.App. [4th Cir.] 1994), *cert. denied,* 645 So.2d 211 (1994); *Green v. Green,* 64 Md.App. 122, 494 A.2d 721, 729 (1985); *Salstrom v. Salstrom,* 404 N.W.2d 848, 850–852 (Minn.App.1987); *Smith v. Smith,* 682 S.W.2d 834, 837 (Mo.Ct.App.1984); *Callahan v. Callahan,* 142 N.J.Super. 325, 361 A.2d 561, 562–563 (1976); *Garcia v. Mayer,* 122 N.M. 57, 920 P.2d 522, 524–527 (1996); *In re Marriage of Short,* 125 Wash.2d 865, 890 P.2d 12, 15–17 (1995); and *Chen v. Chen,* 142 Wis.2d 7, 416 N.W.2d 661, 663–665 (App. 1987), *review denied,* 142 Wis.2d 953, 419 N.W.2d 562 (1988). To this court's knowledge, every community property state that has considered this issue has agreed with the conclusion that we have reached in this opinion.

Bodin relies upon three cases, *Hall v. Hall,* 88 N.C.App. 297, 363 S.E.2d 189 (1987); *In re Marriage of Moody,* 119 Ill.App.3d 1043, 75 Ill.Dec. 581, 457 N.E.2d 1023 ([1st Dist.] 1983); and *Ettinger v. Ettinger,* 637 P.2d 63 (Okla.1981). In *Hall,* the court relied upon a North Carolina statute as well as a prior opinion of the court, *Johnson v. Johnson,* 74 N.C.App. 593, 328 S.E.2d 876 (1985), in which the court had determined that unvested pension or retirement rights were separate property. *Hall,* 363 S.E.2d at 196. In *Moody,* the court reaches the conclusion that the trial court could not award a spouse any interest in unvested stock options, *Moody,* 75 Ill.Dec. at 585, 457 N.E.2d at 1027, but, as previously noted, the Illinois Court of Appeals for the First District has subsequently reached a different conclusion from that reached in *Moody. See In re Marriage of Isaacs,* 198 Ill.Dec. at 175, 632 N.E.2d at 234. *Ettinger* is distinguishable because in that case the

---

1. Assigned to this case by the Chief Justice of the Supreme Court of Texas.

**382**

stock options had not accrued as of the date of divorce, *Ettinger,* 637 P.2d at 65, whereas in this case the stock options had been awarded, although they were not yet vested, at the time of the divorce.

We also note that Bodin's position has been adopted in the case of *Hann v. Hann,* 655 N.E.2d 566, 569–571 (Ind.App.1995). As previously noted, neither Indiana, nor any other state that has adopted Bodin's contention, is a community property state. We overrule points of error numbers one, two, and three.

Bodin urges in point of error number four that the mischaracterization of the unvested stock options results in a division of the community estate that is not just and right. He does not contend that the division of the estate is not just and right if we assume that the trial court correctly characterized the unvested stock options as a community asset subject to consideration along with other property in the division of the community estate. In view of our having determined that the trial court was correct in so characterizing the unvested stock options, we overrule point of error number four.

The judgment is affirmed.