**In re the MARRIAGE OF Rex
L. MEDLOCK and Nancy
S. Medlock.**

**Rex L. Medlock, Petitioner–Appellant,**

v.

**Nancy S. Medlock, Respondent–
Respondent.**

**Nos. 22031, 22045.**

Missouri Court of Appeals,
Southern District,
Division Two.

March 25, 1999.

Motion for Rehearing or Transfer
Denied April 15, 1999.

Application to Transfer Denied
June 1, 1999.

Don M. Henry, Henry, Henry, Henry, Englebrecht & Williams, P.C., West Plains, for Appellant.

Keith D. Sorrell, Spain, Merrell and Miller, L.L.P., Poplar Bluff, for Respondent.

PHILLIP R. GARRISON, Chief Judge.

Both Rex L. Medlock ("Husband") and Nancy S. Medlock ("Wife") appealed the judgment dissolving their thirteen-year marriage. Wife withdrew her appeal. A discussion of Husband's appeal follows.

In a dissolution case, the judgment of the trial court must be affirmed on appeal unless it is not supported by substantial evidence, it is against the weight of the evidence, it erroneously declares the law or it erroneously applies the law. *Hoffmann v. Hoffmann*, 676 S.W.2d 817, 822 (Mo. banc 1984); *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). The appellate court defers to the trial court's determinations of credibility, viewing the evidence and permissible inferences therefrom in the light most favorable to the decree and disregarding all contrary evidence and inferences. *In re Marriage of Perkel*, 963 S.W.2d 445, 447 (Mo.App. S.D.1998). The trial judge may believe all, part, or none of the testimony of any witness, and the court may disbelieve testimony even when uncontradicted. *Al–Yusuf v. Al–Yusuf*, 969 S.W.2d 778, 783 (Mo.App. W.D.1998).

■ For his first point relied on, Husband contends that "[t]he trial court erred in awarding Wife the 48.5 acre tract of real estate he owned prior to the marriage which had never been conveyed to Wife or to Wife and himself in any form of tenancy for the reason that this asset is Husband's separate nonmarital property and as such the trial court did not have the authority to award it to Wife." [1] In the argument section of his brief, however, Husband suggests that Wife has some marital interest in the property, or at least in its increased value, because marital funds were used to pay off a $17,500 debt owed against the property at the time the parties were married.

■ Generally, any property acquired by a spouse prior to marriage is that spouse's separate property upon dissolution of the marriage, *Alexander v. Alexander*, 956 S.W.2d 957, 960 (Mo.App. W.D. 1997), and any property acquired during the marriage is marital property subject to division upon dissolution. § 452.330.3, RSMo Supp.1996; *Hoffmann*, 676 S.W.2d at 822. A court has no authority acting on its own to divide separate or nonmarital property and in fact commits *prima facie* error when it awards a spouse a partial interest in the other spouse's nonmarital property. *Rich v. Rich*, 871 S.W.2d 618, 627 (Mo.App. E.D.1994).

■ Missouri has adopted the "source of funds" rule to assist in determining whether property is characterized as marital or nonmarital. *Hoffmann*, 676 S.W.2d at 825. Under the source of funds rule, the character of property is determined by the source of funds used to finance the purchase of the property and the property is considered to be acquired as it is paid for. *Id.* at 824. The term "acquired" is used as "an on-going process of making payment for acquired property." *Id.* at 825. If property acquired prior to the marriage is subject to a loan, the property becomes marital property to the extent marital funds are used to pay off the loan. *Mika v. Mika*, 728 S.W.2d 280, 282 (Mo. App. E.D.1987) (referencing *Hoffmann*). If there is an increase in value of property that is part marital and part nonmarital, the spouse contributing the nonmarital funds and the marital unit contributing the marital funds each receive a proportionate and fair return on their investment. *In re Marriage of Herr*, 705 S.W.2d 619, 624 (Mo.App. S.D.1986).

The property in question in this case was purchased by Husband and his first wife in 1974. The property was awarded to Husband upon the dissolution of that marriage in 1981. At that time, the property was subject to a debt of $17,500.

Evidence was presented at trial that the entire loan of $17,500 was paid off during Husband's marriage to Wife with marital funds. Husband testified that at the time he and Wife married, the value of the land was approximately $20–23,000. In Husband's answers to interrogatories which were admitted at trial, however, he stated that the fair market value of the land on the date of his marriage to Wife was $17,-500.[2] If the value of the land was indeed $17,500, and the entire loan of $17,500 was paid off during the marriage with marital funds, then 100% of the land constituted marital property subject to division by the trial court upon dissolution of the marriage.

Viewing the evidence in the light most favorable to the judgment, we conclude that the trial court did not err in awarding the 48.5 acre tract of land to Wife. The trial court could have believed Husband's earlier assessment that the 48.5 acre tract was worth $17,500 at the time Husband and Wife married. The trial court was

1. There are several references throughout the record to a 45.5 acre tract of real estate. It is evident, however, that these references are intended to refer to the 48.5 acre tract and they will be treated accordingly.

2. Wife testified at trial that she believed the tract to have been worth $17,500 at the time of their marriage.

free to do so. *See Al–Yusuf,* 969 S.W.2d at 783 (stating that a trial judge may believe all, part, or none of the testimony of any witness). It then could have concluded that the 48.5 acre tract was entirely marital property and awarded it to Wife.[3] Accordingly, it cannot be said that the trial court's judgment is not supported by substantial evidence, is against the weight of the evidence, erroneously declares the law or erroneously applies the law. Husband's point is denied.

In his second point, Husband contends that the trial court "erred in its division of the marital property whereby Husband received net assets valued by the court at $118,273 and Wife received net assets valued by the court at $95,175...."

▮ In an action for dissolution of marriage, division of property is left to the sound discretion of the trial court and its decision should be upheld unless the division is improper under the principles of *Murphy v. Carron* or an abuse of discretion is shown. *McKee v. McKee,* 940 S.W.2d 946, 951 (Mo.App. S.D.1997). *See also In re Marriage of VAE,* 873 S.W.2d 262, 268 (Mo.App. S.D.1994). A trial court's division of marital property does not have to be equal; but it must be fair and equitable and take into account the factors enumerated in section 452.330.1. *McKee,* 940 S.W.2d at 951. *See also In re Marriage of Torix,* 863 S.W.2d 935, 938 (Mo.App. S.D.1993). Appellate courts only interfere with a trial court's division of property if it is so unduly weighted in favor of one party that it constitutes an abuse of discretion. *In re Marriage of Gilmore,* 943 S.W.2d 866, 877 (Mo.App. S.D.1997). Judicial discretion is abused when a trial court's ruling is clearly against the logic of the circumstances then before the court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration. *In re Marriage of VAE,* 873 S.W.2d at 268. If reasonable persons can differ about the propriety of the action taken by the trial court, it cannot be said that the trial court abused its discretion. *Id.* at 269.

▮ Section 452.330.1 provides, in pertinent part:

1. In a proceeding for dissolution of the marriage or legal separation ... the court shall set apart to each spouse such spouse's nonmarital property and shall divide the marital property in such proportions as the court deems just after considering all relevant factors including:

(1) The economic circumstances of each spouse at the time the division of property is to become effective ...;

(2) The contribution of each spouse to the acquisition of the marital property, including the contribution of a spouse as a homemaker;

(3) The value of the nonmarital property set apart to each spouse;

---

3. *See In re Marriage of Herr,* 705 S.W.2d at 625, setting forth the following formula to be used in determining marital versus nonmarital property under the source of funds rule:

$$\text{Nonmarital property} = \frac{\text{nonmarital contribution}}{\text{total contribution}} \times \text{equity}$$

$$\text{Marital property} = \frac{\text{marital contribution}}{\text{total contribution}} \times \text{equity}$$

Based on these formulas, the trial court could have found the following:

Nonmarital property $= $0$  (i.e., value of land [$17,500] – debt owed [$17,500])

$$\frac{\$0}{\$17,500} \times \$40,000^* = \$0$$

Marital property $= \dfrac{\$17,500}{\$17,500} \times \$40,000 = \$40,000$

*The trial court found the present value of the land to be $40,000.

(4) The conduct of the parties during the marriage;  and

(5) Custodial arrangements for minor children.

Section 452.330.1 gives the trial court great flexibility and far-reaching power to divide the marital property so as to accommodate the needs of the parties upon dissolution and there is no formula respecting the weight to be given the relevant factors which a court may consider. *Waisblum v. Waisblum,* 968 S.W.2d 753, 756 (Mo.App. W.D.1998).

▬ Keeping the principles mentioned above in mind, we conclude that the trial court did not err in its division of the marital property. The court's judgment resulted in a division of the marital property of approximately 55% to Husband and 45% to Wife. The court indicated that "both parties contributed to the acquisition of the marital property and Wife did nothing to cause the breakdown of the marriage." The record supports this conclusion. We are unable to conclude that the trial court's division is other than equitable or that it is arbitrary, unreasonable or against the logic of the circumstances. Husband's second point is denied.

Judgment of the trial court is affirmed.

SHRUM, P.J., and BARNEY, J., concur.