Daniel Eugene KLINE, Appellant,

v.

Julia Ann KLINE, Appellee.

No. 01–98–01015–CV.

Court of Appeals of Texas, Houston (1st Dist.).

May 11, 2000.

Martin D. Carden, Catherine Lisa Fisher, Richmond, for Appellant.

Ronald R. Pope, Richmond, for Appellee.

Panel consists of Justices COHEN, WILSON, and PRICE.*

* The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

## OPINION

MURRY B. COHEN, Justice.

The parties married in 1979, and appellant worked for Marine Drilling ("Marine") throughout the marriage, during which he was awarded stock options. Paul Lyle, Marine's payroll manager, testified the options were granted to induce appellant to continue employment with Marine Drilling. The stock agreements, however, stated that the consideration was for "past services" of the employee.

After a non-jury trial, the judge divided these options equally between appellant and appellee. Some of the options that were earned during the marriage were not vested at the time of the divorce. No findings of fact and conclusions of law were requested or filed. We affirm.

## Analysis

In two points of error, appellant contends the trial court erred in dividing the unvested options because they were based upon a condition precedent of continued service after the date of the divorce. Thus, according to appellant, the trial court's division divested him of his separate property rights. Appellant does not dispute the trial court's award of the vested options.

This case resembles *Bodin v. Bodin,* 955 S.W.2d 380 (Tex.App.-San Antonio 1997, no writ), in which the trial court awarded the wife some unvested options that were contingent on the husband's continued employment. The *Bodin* court stated:

> We affirm because the unvested stock options constitute a contingent interest in property and are a community asset subject to consideration along with other property in the disposition of the parties' estate....

*Id.* at 381. The *Bodin* court cited cases from numerous jurisdictions, then ob-

served, "To this Court's knowledge, every community property state that has considered this issue has agreed with the conclusion that we have reached in this opinion." *Id.*

The *Bodin* court relied on *Cearley v. Cearley,* 544 S.W.2d 661 (Tex.1976). *Cearley* involved an unvested military pension earned during the marriage. The *Cearley* court stated:

> We hold that such rights, prior to accrual and maturity, constitute a contingent interest in property and a community asset subject to consideration along with other property in the division of the estate of the parties....

*Id.* at 666.

Appellant contends that whether unvested options are community property depends on why the awards were made. If these options were for past services, appellant concedes they would be community property. If they were awarded to induce future employment after the divorce, they should be separate property. He cites several cases from other states.[1] Appellant cites no Texas case law, and both *Bodin* and *Cearley* directly contradict this theory.

Appellant contends *Bodin* is distinguishable because, here, an expert gave uncontroverted testimony that the options were not for past service and, thus, were not compensation as defined by the IRS. Rather, they were given as an incentive for appellant to continue his employment with Marine Drilling, post-divorce. The expert, Paul Lyle, could not explain why the stock agreements themselves stated the opposite of what he testified to, *i.e.,* the options were for past services.

When, as here, the trial court makes no fact findings or conclusions of law, we will affirm the judgment if any

---

1. These are *In re Marriage of Hug,* 154 Cal. App.3d 780, 201 Cal.Rptr. 676 (1984); *Goodwyne v. Goodwyne,* 639 So.2d 1210 (La. App.1994); *In re Marriage of Short,* 125 Wash.2d 865, 890 P.2d 12 (1995); and *Garcia v. Mayer,* 122 N.M. 57, 920 P.2d 522 (App. 1996).

evidence supports it. The recitals in the stock agreements themselves, that options were given for past service, support the judgment. Thus, the trial court did not err in awarding appellee an interest in the options.

We overrule the two points of error.

We affirm the judgment.