In re the **MARRIAGE OF Jennifer STONEBRAKER** and **Leslie Stonebraker,**
**Jennifer Stonebraker, Petitioner–Appellant,**

v.

**Leslie Stonebraker, Respondent– Respondent.**

No. 28042.

Missouri Court of Appeals, Southern District, Division One.

Nov. 8, 2007.

Danieal Howard Miller, Columbia, MO, for appellant's.

Michael L. McDorman, Lake Ozark, MO, for respondent's.

JEFFREY W. BATES, Judge.

Jennifer Stonebraker (Wife) appeals from a judgment dissolving her marriage to Leslie Stonebraker (Husband) and dividing the parties' property. On appeal, Wife contends that the trial court erred in categorizing a Hartford annuity policy as the separate, non-marital property of Husband. We affirm.

Husband and Wife were married in California in September 2003. Thereafter, they moved to Missouri. The couple separated in October 2005. On November 21, 2005, Wife filed a petition in the Circuit Court of Camden County, Missouri, seeking a dissolution of her marriage to Husband.

Rule 50.01 authorizes trial courts to adopt local rules governing the administration of judicial business that are not inconsistent with Supreme Court Rules, the Constitution or statutory law in force.[1] The 26th Judicial Circuit, of which Camden County is a part, had adopted a detailed local rule applicable to dissolution actions that was in effect in November 2005 when Wife's action was filed. In relevant part, Local Rule 68.1 states as follows:

**(3) Financial Statements and Schedules**

(a) In all actions for dissolution of marriage or legal separation, a Statement of Marital and Non–Marital Assets and Debts (Form A) and a Statement of Income and Expenses (Form C) shall be completed by each party, executed under oath, filed with the court, and served on the opposing party. Petitioner's Statements shall be filed within 30 days after service of process or the filing of the entry of appearance, whichever event first occurs. Respondent's Statements shall be filed within 45 days after service of process or the filing of the entry of appearance, whichever event first occurs. The Statement of Marital and Non–Marital Assets and Debts shall include a brief description of the assets, the legal description of real estate, the estimated fair market value and any encumbrances, the name of the party having possession or control, the classification of the property (i.e. marital or non-marital), and which party is recommended to receive the property.

. . . .

(g) A consolidated Summary Statement of Property and Liabilities of Petitioner and Respondent (Form B) shall be submitted in every contested dissolution of marriage or legal separation action. The form shall be available in the circuit clerk's office. The parties shall file their consolidated Summary 5 days prior to the scheduled trial date. If the parties are unable to agree upon a consolidated Summary, then each shall submit a proposed form to the court.

(h) Any filing required by this Rule 68 shall be in such form as may be specified

---

1. All references to rules are to Missouri Court Rules (2007). Supreme Court rules can be found in Volume I; local rules can be found in Volume III.

in these rules. The required forms are available in the circuit clerk's offices and may be obtained upon request.

(i) If documents are not filed as required by this rule, the judge may order sanctions against the offending party.

. . . .

(*l*) Each party in a contested dissolution of marriage or legal separation case shall submit as an exhibit at trial a proposed division of marital and non-marital property, and a proposed allocation of marital debts. The exhibit shall include a calculation of the values of the assets and debts to be awarded to each party, and shall also show a net proposed distribution of assets and debts for each party.

The instructional section of Form A stated that "[f]ailure to submit this form in compliance with Local Rule 68 may result in the prohibition of the presentation of affirmative evidence of the information recited herein."

After Wife filed her lawsuit, she failed to prepare, file and serve Forms A and C as required by this local rule. Husband, on the other hand, did prepare properly verified Forms A and C that were filed with the trial court and served on opposing counsel. In Husband's Form A, he listed a Hartford annuity valued at $45,412 as his separate, non-marital property.

Trial commenced on August 28, 2006. Before the presentation of evidence, Wife's counsel requested leave to file a Form A. According to counsel, the only difference between Wife's proposed Form A and Husband's Form A was the annuity, which Wife asserted was marital property. Husband's counsel objected to the late filing, and the court sustained the objection "[b]ased upon our local rule and the fact that this is the day of trial." Wife's counsel then tendered a blank Statement of Income and Expenses (Form C), which the trial court refused to accept because it contained no information and was unsigned. In compliance with Local Rule 68.1(3)(g), Husband's counsel produced a proposed consolidated summary statement which was marked as Exhibit 29. This exhibit, which was admitted in evidence, listed the Hartford annuity as Husband's separate, non-marital property. Wife had no proposed consolidated summary statement to file.

Husband testified first after being called as an adverse witness by Wife's counsel. During direct examination, Wife's counsel began questioning Husband about his purchase of the annuity:

Q. And an annuity was purchased, correct?

A. An annuity was purchased.

Q. Okay. And it was in both your names, correct?

[Husband's counsel]: Your honor, I'm going to object to an attempt to introduce any evidence that would be contrary to the schedule if he's attempting to contradict our position that this annuity is nonmarital.

[Wife's counsel]: I asked whose name it was in, Judge.

THE COURT: Well, the Court—the Court will note that parties are bound by the schedule, the consolidated statement. With that, you may proceed.

When Wife's counsel asked if the annuity was held in joint names, Husband testified that he was the annuitant and the policy was in his name. Later, Wife's counsel tried to use a monthly statement from Hartford, which purported to show that both Husband and Wife were listed as owners of the policy, to contradict Husband's testimony. Husband's counsel renewed his objection to that line of questioning if the purpose of it was to deviate from the schedules filed by Husband. After the trial court sustained the objection, Wife's counsel made an offer of proof. At

the conclusion of the offer, Husband's counsel reiterated his earlier objection and also asserted a best evidence objection because Wife's counsel was attempting to use the statement, rather than the annuity contract itself, to prove who owned the policy. The court sustained the objection.

During the presentation of Husband's evidence, his Forms A and C were admitted in evidence as Exhibits 1 and 2. In compliance with Local Rule 68.1(3)(*l*), Husband also presented the court with an exhibit containing his proposed division of property. Husband requested that he be awarded the annuity as his separate, non-marital property. The court granted that relief, and Wife appealed.

Wife contends that the trial court erred in characterizing the Hartford annuity as Husband's non-marital property. She argues that the court misapplied the law and rendered a judgment that was against the weight of the evidence because the annuity had been held in the couple's joint names since it was acquired. For the reasons that follow, this Court is unable to reach the merits of Wife's argument.

 While Wife may choose to disregard the procedural posture of the case in framing the issue on appeal, this Court cannot do so. As the eastern district of this Court noted in *Smith v. Smith,* 682 S.W.2d 834 (Mo.App.1984):

The trial courts are bombarded with dissolution cases which, by statute, requires division of the property. Section 452.330 RSMo.1978. The trial judge is often at the mercy of the lawyers. The trial judge cannot introduce evidence, yet he or she has a duty to make a fair division of the property. He or she must rely on the discovery and introduction of evidence by the parties' lawyers regarding the existence and value of property.

*Id.* at 836. To that end, the 26th Circuit has adopted a local rule requiring the parties to a dissolution action to disclose their assets, debts, income and expenses to the adverse party and the trial court. *See* Local Rule 68.1(3). In particular, the rule requires the parties to classify property as marital or non-marital in required Form A. Local Rule 68.1(3)(a). This rule serves as a form of mandatory mutual discovery, and the parties are specifically warned that failure to make the required filings can result in "sanctions against the offending party." Local Rule 68.1(3)(i). The adoption of this local rule was authorized by Rule 50.01 and does not contravene any Supreme Court rule, constitutional provision or statute. *Hutcherson v. Hutcherson,* 909 S.W.2d 403, 405 (Mo.App.1995). Insofar as relevant here, Local Rule 68.1 serves the salutary purpose of preventing disputes about property from being raised in an untimely fashion, thereby protecting both the adverse party and the trial court from surprise and permitting a "fair and smoothly-run trial" to be conducted. *Hutcherson,* 909 S.W.2d at 405.

 It is evident from our review of the record that Wife failed to comply with the requirements of Local Rule 68.1(3). Neither Husband nor the trial court were aware until the day of trial that Wife intended to dispute Husband's classification of the annuity as his non-marital property and present evidence on that subject. A trial judge is vested with broad discretion to control discovery and to choose a remedy to address any non-disclosure of evidence. *Zimmer v. Fisher,* 171 S.W.3d 76, 79 (Mo.App.2005). "When dealing with a discovery violation that primarily affects a specific issue disputed by the parties, a trial court may appropriately limit and tailor its sanctions to bar the party that committed the violation from disputing that issue." *Harrington v. Harrington,* 153 S.W.3d 315, 319 n. 5 (Mo.App.2005); *see Goede v. Aerojet Gen. Corp.,* 143 S.W.3d 14, 22–23 (Mo.App.2004). That is

exactly what occurred here. As a sanction for Wife's discovery violation, she was not permitted to dispute the classification of the annuity as Husband's non-marital property during the trial. Since Wife was not permitted to present any contrary evidence, the trial court was justified in relying upon Husband's schedules (Exhibits 1 and 29) in awarding the Hartford annuity to Husband as his separate, non-marital property. *See In re Marriage of Sumner,* 777 S.W.2d 267, 273 (Mo.App.1989).

On appeal, Wife could have challenged the sanction as an abuse of discretion. *See, e.g., In re Marriage of Lindeman,* 140 S.W.3d 266, 271 (Mo.App.2004). She chose not to do so. Instead, her sole point on appeal simply ignored the effect of the trial court's ruling. Wife's point presents nothing for this Court to review and is denied.

The judgment of the trial court is affirmed.

PARRISH, P.J., and SCOTT, J., Concur.