**James Michael PARRISH, Appellant**

v.

**Billy Rose PARRISH, Appellee.**

**No. 11–06–00281–CV.**

Court of Appeals of Texas,
Eastland.

April 10, 2008.

William R. Pemberton, William R. Pemberton, P.C., Crockett, for appellant.

Joe Griffith, Griffith & Griffith, Crockett, Michael E. Jarrett, Bain, Files, Jarrett, Bain & Harrison, P.C., Tyler, for appellee.

Panel consists of: WRIGHT, C.J., McCALL, J., and STRANGE, J.

## OPINION

RICK STRANGE, Justice.

This is a marital property division dispute. The trial court entered a divorce decree and subsequently a clarification and enforcement order. This appeal challenges the trial court's division of stock options in the clarification and enforcement order. Because the record is insufficient to support the trial court's order, we reverse and remand.

### I. Background Facts

James Michael Parrish and Billy Rose Parrish were divorced in 2004. Prior to their final hearing, the parties attended mediation and reached an agreement that divided most of their assets. The parties agreed to equally divide any currently existing stock options granted by any employer. The trial court's final divorce decree reflected the mediation agreement. The court awarded James "½ of the stock options granted him by any employer, in existence on December 16, 2003." [1] The court awarded Billy "½ of the stock options granted James Michael Parrish by any employer, in existence on December 16, 2003." The trial court required James to notify Billy when any stock options were exercised, and it imposed a constructive trust on Billy's portion of the after-tax proceeds.

---

1. This was the date of the mediation agreement.

In 2006, Billy filed a motion for clarification. She indicated to the trial court that the divorce decree's provision awarding her one-half of the stock options "may not be specific enough to be enforceable by contempt" and requested the trial court to construe and make this provision more specific. James responded with a counter-petition for enforcement and alleged that Billy had failed to comply with several provisions of the divorce decree. Billy then filed her own petition for enforcement, contending that James had exercised stock options but had not turned over after-tax proceeds to her.

The trial court conducted an evidentiary hearing. The court was presented with testimony concerning and was forced to resolve disputes over such items as individual comforters, pillows, a forty-year-old blender, hand tools, a garage blower, and a thirty-one-year-old LazyBoy; but there was no testimony about stock options.[2] The court did, however, instruct James's counsel to "talk to your client about selling those stocks and get this case done and over with." The trial court mentioned that Billy was receiving $124,000. The record does not indicate the source of this payment, but we note that it is essentially equivalent to the contested net proceeds from the stock option sale.

Approximately four months later, counsel presented the trial court with a proposed order that was agreed to in form. When the trial court indicated to counsel that it would sign the order, James's counsel requested the court to set a supersedeas bond saying, "You awarded her stock options, and we're going to appeal that. Stock options have been exercised."

James's counsel advised the trial court that the net proceeds from this sale were approximately $123,000. The trial court asked James's counsel about proof and was told that he could not offer any because James was out of the country.

The trial court signed a clarification and enforcement order without hearing further evidence. The court awarded Billy one-half of a May 8, 2001 grant of ENSCO stock options and one-half of a June 3, 2002 grant of ENSCO stock options. The court ordered James to exercise the vested portion of the options on or before April 15, 2006, and provided specific instructions for dividends, taxes, notices, and distribution of proceeds.[3]

## II. *Issues*

James complains of the trial court's clarification and enforcement order with three issues. He contends that the stock option provisions in the order are supported by legally and factually insufficient evidence and that the trial court erred by not preparing findings of fact and conclusions of law.

## III. *Standard of Review*

█ It is unnecessary for us to set out the traditional standards of review for factual and legal sufficiency because no evidence was presented to the trial court on the ENSCO stock options. This does not mean that the trial court was without authority to act. Even after a divorce decree becomes final, trial courts have the authority to enter further orders to enforce the division of property and to clarify the di-

---

**2.** The hearing transcript consists of 63 pages. This is only a small sampling of the individual assets the trial court was forced to consider.

**3.** The trial court also ordered Billy to turn over slides and photographs for copying, or-

dered her to turn over 109 categories of personal items, and to pay James $5,479 for 46 other categories of personal items that were not previously turned over. Neither party complains of these rulings.

vorce decree—so long as the substantive division of property is not altered or changed. TEX. FAM.CODE ANN. § 9.006 (Vernon 2006).[4] Whether the trial court exceeded its authority in this instance is a question of law that we review de novo.

## IV. *Analysis*

James focuses on the divorce decree's language "in existence on December 16, 2003" to determine its meaning. During oral argument, he contended that this language limited the decree to vested options. James complains that the clarification and enforcement order deletes the "in existence" language and argues that Billy had the burden to present evidence to support the trial court's reference to specific options.

■ We agree with James that the trial court did not have sufficient evidence to enter an enforcement or clarification order specifically addressing the May 8, 2001 and June 3, 2002 grants of ENSCO stock options. However, we do not agree that the divorce decree divided only vested options. The term "in existence" is neither synonymous with vested nor inconsistent with contingent. Furthermore, because the trial court was required to divide all of the community estate, a construction that favors the division of a community asset is generally preferable.

■ Trial courts have a mandatory duty to order a division of the estate. *Demler v. Demler*, 836 S.W.2d 696, 699 (Tex.App.-Dallas 1992, no writ). The failure to divide community assets that are brought to the court's attention is reversible error. *Gutierrez v. Gutierrez*, 643 S.W.2d 786, 788 (Tex.App.-San Antonio

1982, no writ). This duty extends to unvested stock options because they constitute a contingent interest in property and are thus a community asset. *Bodin v. Bodin*, 955 S.W.2d 380, 381 (Tex.App.-San Antonio 1997, no writ).[5]

■ We realize that the trial court may not use a clarification or enforcement order to make substantive changes to the final divorce decree. *Brown v. Brown*, 236 S.W.3d 343, 347 (Tex.App.-Houston [1st Dist.] 2007, no pet.). If a decree fails to provide for the division of a community asset, the parties become tenants in common. *Mooney v. Glasspool*, 602 S.W.2d 364 (Tex.Civ.App.-Beaumont 1980, writ ref'd n.r.e.). In that instance, partition is the appropriate remedy. *Harrell v. Harrell*, 692 S.W.2d 876 (Tex.1985). But, we cannot agree that the trial court's order is a substantive change merely because it may affect options that were contingent as of the date of the divorce. The trial court was required to divide any option that constituted community property. Nothing in the decree suggests that the court intended to treat vested options differently from contingent options. Instead, it appears clear that the court intended the parties to equally divide all options. The clarification and enforcement order is consistent with this intention.

■ While the court had the jurisdiction over the stock options, the order it entered exceeded the scope of the record. The enforcement hearing's transcript indicates that there were discussions between the court and counsel regarding the exercise of the options, but these discussions were never made part of the record. Counsel later confirmed for the court that options

---

4. Trial courts also have the authority to clarify divorce decrees that are not specific enough to be enforceable by contempt. TEX. FAM.CODE ANN. § 9.008(b) (Vernon 2006).

5. *See also Kline v. Kline*, 17 S.W.3d 445, 446 (Tex.App.-Houston [1st Dist.] 2000, pet. denied); *Charriere v. Charriere*, 7 S.W.3d 217, 221 (Tex.App.-Dallas 1999, no pet.).

had been exercised and that approximately $123,000 in net proceeds was in dispute, but this brief discussion is absent any detail. Finally, no testimony was ever offered describing the options or their sale.

James's first and second issues are sustained in part. We reverse the trial court's clarification and enforcement order to the extent that it orders the parties to take any action with respect to the May 8, 2001 and June 3, 2002 grants of ENSCO stock options, and we remand for further proceedings consistent with this opinion. Our holding makes it unnecessary to address James's third issue.

### V. *Holding*

The trial court's clarification and enforcement order is reversed in part, and this case is remanded for further proceedings consistent with this opinion.