Opinion filed April 10, 2008











 
 
  
 
 







 
 
  
 
 




Opinion filed April 10,
2008

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-06-00281-CV 

                                                    __________

 

                              JAMES MICHAEL PARRISH, Appellant

 

                                                             V.

 

                                   BILLY
ROSE PARRISH, Appellee

 



 

                                           On
Appeal from the 3rd District Court

 

                                                        Houston
County, Texas

 

                                                  Trial
Court Cause No. 03D-013

 



 

                                                                   O
P I N I O N

 

This
is a marital property division dispute.  The trial court entered a divorce
decree and subsequently a clarification and enforcement order.  This appeal
challenges the trial court=s
division of stock options in the clarification and enforcement order.  Because
the record is insufficient to support the trial court=s order, we reverse and remand.

                                                  I.
Background Facts








James
Michael Parrish and Billy Rose Parrish were divorced in 2004.  Prior to their
final hearing, the parties attended mediation and reached an agreement that
divided most of their assets.  The parties agreed to equally divide any
currently existing stock options granted by any employer.  The trial court=s final divorce decree
reflected the mediation agreement.  The court awarded James A2 of the stock options granted him by any
employer, in existence on December 16, 2003.@[1] 
The court awarded Billy A2 of the stock options
granted James Michael Parrish by any employer, in existence on December 16,
2003.@  The trial
court required James to notify Billy when any stock options were exercised, and
it imposed a constructive trust on Billy=s
portion of the after-tax proceeds.

In
2006, Billy filed a motion for clarification.  She indicated to the trial court
that the divorce decree=s
provision awarding her one-half of the stock options Amay not be specific enough to be enforceable
by contempt@ and
requested the trial court to construe and make this provision more specific. 
James responded with a counter-petition for enforcement and alleged that Billy
had failed to comply with several provisions of the divorce decree.  Billy then
filed her own petition for enforcement, contending that James had exercised
stock options but had not turned over after-tax proceeds to her.

The
trial court conducted an evidentiary hearing.  The court was presented with
testimony concerning and was forced to resolve disputes over such items as
individual comforters, pillows, a forty-year-old blender, hand tools, a garage
blower, and a thirty-one-year-old LazyBoy; but there was no testimony about
stock options.[2]  The court
did, however, instruct James=s
counsel to Atalk to
your client about selling those stocks and get this case done and over with.@  The trial court mentioned
that Billy was receiving $124,000.  The record does not indicate the source of
this payment, but we note that it is essentially equivalent to the contested
net proceeds from the stock option sale.








Approximately
four months later, counsel presented the trial court with a proposed order that
was agreed to in form.  When the trial court indicated to counsel that it would
sign the order,  James=s
counsel requested the court to set a supersedeas bond saying, AYou awarded her stock options,
and we=re going to
appeal that.  Stock options have been exercised.@ 
James=s counsel
advised the trial court that the net proceeds from this sale were approximately
$123,000.  The trial court asked James=s
counsel about proof and was told that he could not offer any because James was
out of the country.

The
trial court signed a clarification and enforcement order without hearing
further evidence.  The court awarded Billy one-half of a May 8, 2001 grant of
ENSCO stock options and one-half of  a June 3, 2002 grant of ENSCO stock
options.  The court ordered James to exercise the vested portion of the options
on or before April 15, 2006, and provided specific instructions for dividends,
taxes, notices, and distribution of proceeds.[3]

                                                                       II.
Issues 

James
complains of the trial court=s
clarification and enforcement order with three issues.  He contends that the
stock option provisions in the order are supported by legally and factually
insufficient evidence and that the trial court erred by not preparing findings
of fact and conclusions of law.

                                                           III. 
Standard of Review

It
is unnecessary for us to set out the traditional standards of review for
factual and legal sufficiency because no evidence was presented to the trial
court on the ENSCO stock options.  This does not mean that the trial court was
without authority to act.  Even after a divorce decree becomes final, trial
courts have the authority to enter further orders to enforce the division of
property and to clarify the divorce decree B
so long as the substantive division of property is not altered or changed.  Tex. Fam. Code Ann. ' 9.006 (Vernon 2006).[4] 
Whether the trial court exceeded its authority in this instance is a question
of law that we review de novo. 

                                                         IV.
Analysis








James
focuses on the divorce decree=s
language Ain existence
on December 16, 2003@
to determine its meaning.  During oral argument, he contended that this
language limited the decree to vested options.  James complains that the
clarification and enforcement order deletes the Ain
existence@ language
and argues that Billy had the burden to present evidence to support the trial
court=s reference to
specific options.

We
agree with James that the trial court did not have sufficient evidence to enter
an enforcement or clarification order specifically addressing the May 8, 2001
and June 3, 2002 grants of ENSCO stock options.  However, we do not agree that
the divorce decree divided only vested options.  The term Ain existence@ is neither synonymous with
vested nor inconsistent with contingent.  Furthermore, because the trial court
was required to divide all of the community estate, a construction that favors
the division of a community asset is generally preferable.

Trial
courts have a mandatory duty to order a division of the estate.  Demler v.
Demler, 836 S.W.2d 696, 699 (Tex. App.CDallas
1992, no writ).  The failure to divide community assets that are brought to the
court=s attention is
reversible error.  Gutierrez v. Gutierrez, 643 S.W.2d 786, 788 (Tex.
App.CSan Antonio 1982,
no writ).  This duty extends to unvested stock options because they constitute
a contingent interest in property and are thus a community asset.  Bodin v.
Bodin, 955 S.W.2d 380, 381 (Tex. App.CSan
Antonio 1997, no writ).[5]  

We
realize that the trial court may not use a clarification or enforcement order
to make substantive changes to the final divorce decree.  Brown v. Brown,
236 S.W.3d 343, 347 (Tex. App.CHouston
[1st Dist.] 2007, no pet.).  If a decree fails to provide for the division of a
community asset, the parties become tenants in common.  Mooney v. Glasspool,
602 S.W.2d 364 (Tex. Civ. App.CBeaumont
1980, writ ref=d
n.r.e.).  In that instance, partition is the appropriate remedy.  Harrell v.
Harrell, 692 S.W.2d 876 (Tex. 1985).  But, we cannot agree that the trial
court=s order is a
substantive change merely because it may affect options that were contingent as
of the date of the divorce.  The trial court was required to divide any option
that constituted community property.  Nothing in the decree suggests that the
court intended to treat vested options differently from contingent options. 
Instead, it appears clear that the court intended the parties to equally divide
all options.  The clarification and enforcement order is consistent with this
intention.








While
the court had the jurisdiction over the stock options, the order it entered
exceeded the scope of the record.  The enforcement hearing=s transcript indicates that
there were discussions between the court and counsel regarding the exercise of
the options, but these discussions were never made part of the record.  Counsel
later confirmed for the court that options had been exercised and that
approximately $123,000 in net proceeds was in dispute, but this brief discussion
is absent any detail.  Finally, no testimony was ever offered describing the
options or their sale.

James=s first and second issues
are sustained in part.  We reverse the trial court=s clarification and enforcement order to the
extent that it orders the parties to take any action with respect to the May 8,
2001 and June 3, 2002 grants of ENSCO stock options, and we remand for further
proceedings consistent with this opinion.  Our holding makes it unnecessary to
address James=s third
issue.

                                                         V.
Holding

            The
trial court=s
clarification and enforcement order is reversed in part, and this case is
remanded for further proceedings consistent with this opinion.

 

 

RICK STRANGE

JUSTICE

 

April 10, 2008

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









     [1]This was the date
of the mediation agreement.





     [2]The hearing
transcript consists of 63 pages.  This is only a small sampling of the
individual assets the trial court was forced to consider.





     [3]The trial court
also ordered Billy to turn over slides and photographs for copying, ordered her
to turn over 109 categories of personal items, and to pay James $5,479 for 46
other categories of personal items that were not previously turned over. 
Neither party complains of these rulings.





     [4]Trial courts also
have the authority to clarify divorce decrees that are not specific enough to
be enforceable by contempt.  Tex. Fam.
Code Ann. ' 9.008(b) (Vernon 2006).





     [5]See also Kline
v. Kline, 17 S.W.3d 445, 446 (Tex. App.CHouston
[1st Dist.] 2000, pet. denied); Charriere v. Charriere, 7 S.W.3d 217,
221 (Tex. App.CDallas 1999, no pet.).