In re the **MARRIAGE OF Theresa Lynn COOPER and Joshua David Cooper.**

**Theresa Lynn Cooper, Petitioner–Respondent,**

v.

**Joshua David Cooper, Respondent–Appellant.**

No. SD 31442.

Missouri Court of Appeals, Southern District, Division One.

Oct. 4, 2012.

James Matthew Poe, for Appellant.

Raymond M. Gross, for Respondent.

Before LYNCH, P.J., RAHMEYER, J., and FRANCIS, J.

## PER CURIAM.

Joshua David Cooper ("Husband") appeals from the property award in a dissolution of marriage judgment. He claims the trial court erroneously declared three property items, two of them real property and the third a business, to be marital property. We find no error and affirm the judgment.

The parties were married on July 31, 2007. After the marriage, the parties acquired property on Ash Street in Mansfield, Missouri, and titled it in both parties' names as "husband and wife." The court awarded the property to Wife. Another property was acquired on the town square, which was a commercial building; it, too, was titled in both parties' names as "husband and wife." The court awarded this property to Husband. Additionally, both parties worked in an ongoing internet comic book sales business. Husband claimed the business had no value; wife valued the business at $100,000.00. The court awarded "the marital interest" in the amount of $40,000.00 to Husband. Husband claims all three properties were nonmarital property.

We start with section 452.330.3,[1] which states "[a]ll property acquired by either spouse subsequent to the marriage and prior to a decree of legal separation or dissolution of marriage is presumed to be marital property[.]" The factors that overcome that presumption, relevant to this case, are "(1) Property acquired by gift, bequest, devise, or descent; [or] (2) Property acquired in exchange for property acquired prior to the marriage or in exchange for property acquired by gift, bequest, devise or descent[.]" Section 452.330.2.

With regard to both real properties at issue, the trial court found "there was no credible evidence presented ... that there was any intention other than this property [was] to be held as marital property." Husband claims that the real properties were not "transmuted into marital property," and there was no clear and convincing evidence of donative intent when the property was titled in the name of both Husband and Wife.

### Point I

Husband contends in his first point that the property on Ash Street was derived, at least in part, from the proceeds of his nonmarital certificate of deposit. The court did not have to believe Husband's testimony in this regard.[2] The property was purchased a year after the marriage. Husband testified that he used a pre-marital certificate of deposit he had from Bank of America to purchase the property on Ash Street. Wife testified that the purchase price for the property came from the business account of the comic book business. There is no transmutation issue. The trial court simply

---

1. All references to statutes are to RSMo 2000, unless otherwise specified.

2. The trial court is free to believe or disbelieve all, part, or none of the testimony given by any witness. *In re Marriage of Medlock,* 990 S.W.2d 186, 187 (Mo.App. S.D.1999).

found that Husband had failed to rebut the presumption that the property purchased after the marriage and titled in both names was in fact marital property. Point I is denied.

## Point II

■ Likewise, Point II fails for the same reason. The commercial property was acquired after the marriage and titled in both names, thus, the presumption was that the property was marital property. Again, although Husband claimed the monies used were from his separate Scott Trade account, there was testimony that the funds used to acquire the land came from the business account of the parties' ongoing internet sales endeavor. Husband failed to rebut the presumption that the property purchased after the marriage and titled in both names was in fact marital property. Point II is denied.

## Point III

■ Husband's third point claims that the trial court erred in determining that the comic book business was marital property to the extent of a $40,000.00 marital contribution. Husband finds fault with the court's determination of the value of the business; however, Husband has not claimed how he was prejudiced in the award of the $40,000.00 asset to Husband

as marital property. Husband claimed the business had no value. Presumably, the court could have valued the business at zero and awarded it to Husband as either marital or nonmarital property. Husband has not claimed that the award as marital property created an inequitable distribution of marital assets. This is particularly important in light of the court's finding that Wife spent substantial parts of her free time contributing to the success of the business in addition to maintaining full-time employment and, subsequently, worked 60 hours per week of uncompensated time and yet still fulfilled her role as homemaker when she left her full-time employment.

The court noted that the parties referred to the business as "their" business and that Wife never received any additional salary or social security for her work in the business. It is interesting to note that the only tax returns admitted into evidence[3] were the joint returns of the parties for the years 2007, 2008, and 2009,[4] that Husband did not file tax returns for two years prior to the divorce hearing,[5] and that there was no evidence provided to this Court which supports Husband's claim that it was his sole business. Husband has not argued the legal status of the business, whether it was a sole proprietorship, partnership, or some type of corporation. Al-

---

3. Husband's 2004 individual return was also admitted. Wife's attorney stated the 2004 tax return was relevant "[b]ecause [Husband] testified earlier about the period of time in which he was operating as a comic book salesperson. There is information contained in that record regarding that testimony ... and I believe also it goes to the credibility of the witness." We do not have the exhibit in the record on appeal. Husband acknowledged that he listed his employment as "software developer" and did not list any business profit from comic book sales.

4. Wife testified that she filed an individual tax return in 2009. Exhibit 12, admitted as the

parties' joint 2009 tax return, contained a joint filing for an extension as well as Husband's best indication of what the correct figures would be for 2009. When asked about Exhibit 12, Husband testified, "[he] prepared the extension as well as the numbers. That file that you're looking at is a draft, and I haven't submitted it to the IRS yet."

5. Husband testified that he applied for an extension for his 2009 taxes and was "waiting to see what happened" with the dissolution before filing his 2010 taxes.

though Husband claimed it was his unique knowledge of the comic book business that provided for the success of the business, it is not unusual in a partnership for partners to provide different skills. As the trial court noted, the business became far more successful after Wife quit her job and began working the business.

More importantly, the court found that Husband chose to present no evidence concerning the current inventory or sales of the business although Wife attempted to present evidence of the sales of the business through certain e-bay transactions. The court further found that it was the desire of the Husband not to present evidence of the value of the property, and that Wife was not in control of any further evidence to establish the value of the comic book business. It is disingenuous of Husband to now argue that his refusal to provide a value constitutes error on the part of the trial court to find a proper value. " 'A complainant should not be rewarded for presenting insufficient evidence of property values.' " *Farley v. Farley*, 51 S.W.3d 159, 165 (Mo.App. S.D.2001) (quoting *Smith v. Smith*, 682 S.W.2d 834, 836 (Mo.App. E.D.1984)).

We find no trial court error in the determination that the marital value of the comic book business was at least $40,000.00. Point III is denied.

The judgment is affirmed.